Patrick POLAND, Petitioner–Appellant,

v.

Terry L. STEWART,* Director, Arizona Department of Corrections, Respondent–Appellee.

No. 97–99004.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 22, 1998.

Decided Aug. 6, 1998.

Amended Aug. 24, 1998.

Second Amendment March 1, 1999.

---

* Terry L. Stewart is substituted for Samuel A. Lewis, his predecessor, as Director, Arizona De-

partment of Corrections, pursuant to Fed. R.App. P. 43(c).

Thomas A. Gorman, Phoenix, Arizona, and Craig W. Soland, Brown & Bain, Phoenix, Arizona, for the petitioner-appellant.

Kent E. Cattani, Assistant Attorney General, Phoenix, Arizona, for the respondent-appellee.

Before: HUG, Chief Judge, BROWNING and T.G. NELSON, Circuit Judges.

T.G. NELSON, Circuit Judge.

## ORDER

The Opinion filed on August 6, 1998, and amended on August 24, 1998, is amended as follows:

1. On slip opinion pages 9309–10 (151 F.3d 1014, 1017), delete Section II.B in its entirety and replace with the following:

The apprehension and first trial of the Polands attracted much attention from the media in the relatively small Arizona town where they were tried. When the second trial came, several jurors were uncertain about their ability to judge the case on the facts, rather than on their views resulting from the publicity. Poland's challenges of four of these jurors for cause were denied by the trial court. Poland then used peremptory challenges to remove these four jurors. The trial court's rulings on the denials of the challenges for cause as to

two of the jurors were appealed to and upheld by the Arizona Supreme Court. *Poland,* 698 P.2d at 193.

Poland argues in Claim 8 that the trial court's denials of his challenges for cause [3] were "manifestly erroneous" and unconstitutionally impaired his right to exercise his peremptory challenges in violation of the Sixth Amendment.[4] We disagree.

The loss of peremptory challenges does not constitute "a violation of the right to an impartial jury.... [P]eremptory challenges are not of constitutional dimension. They are a means to achieve the end of an impartial jury." *Ross v. Oklahoma,* 487 U.S. 81, 88, 108 S.Ct. 2273, 101 L.Ed.2d 80 (1988) (citations omitted). "So long as the jury that sits is impartial, the fact that the defendant had to use a peremptory challenge to achieve that result does not mean the Sixth Amendment was violated." *Id.*

Poland does not argue that the jury as finally constituted was not impartial, or that the loss of the peremptories forced him to accept a biased juror. He fails to even contend that any prejudice resulted from the denial of the challenges. We conclude that no violation of Poland's Sixth Amendment right to an impartial jury occurred. *See id.* The district court correctly denied Claim 8.

2. On slip opinion page 9310 [151 F.3d at 1018], renumber footnote 4 as footnote 5.

3. On slip opinion page 9311 (151 F.3d at 1019), renumber footnote 5 as footnote 6.

4. On slip opinion pages 9312–17 [151 F.3d at 1019–21], delete Section IV.A in its entirety and replace with the following:

Poland filed his first PCR petition in the state trial court in 1987. One of the claims raised was "(28) Appellant was denied effective assistance of counsel throughout the sentencing phase of the proceedings."

---

3. The district court held that Poland's claims as to two of the four jurors were procedurally defaulted. Poland challenges that ruling here. Because, as discussed *infra,* Poland does not argue that the jury that sat was not impartial, the claims as to those two jurors have no more merit than those relating to the other two jurors.

4. Poland also argues that the denial of his challenges for cause violated his due process rights. Poland failed to raise a due process argument before the district court. He has therefore waived the right to raise a due process argument before this court. *See Woods v. Saturn Distrib. Corp.,* 78 F.3d 424, 430 (9th Cir.1996); *Bolker v. C.I.R.,* 760 F.2d 1039, 1042 (9th Cir.1985).

After an evidentiary hearing, the trial court denied the petition:

> It appears to the Court that the State's waiver/preclusion analysis is sound. The position of the State regarding waiver and preclusion as set forth in the "Reply (Motion to Dismiss)" at pages 2–5, in *State of Arizona v. Patrick Gene Poland*, filed September 28, 1988, ... is adopted by the Court.

> The Court concludes and orders as follows:

> 1. Regarding the petition of Patrick G. Poland:

> There are no issues raised in the petition or subsequently filed pleadings and memoranda or at the hearing which either were not 1) "finally adjudicated on the merits on appeal" (Arizona Rules of Criminal Procedure, Rule 32.2(a)(2)) or "knowingly, voluntarily and intelligently not raised at trial, on appeal...." (Arizona Rules of Criminal Procedure, Rule 32.2(a)(3)).

> The claims raised have been waived. (Rule 32.2 and 32.10). The relief requested is precluded. (Rule 32.2)

> The State's Motion to Dismiss on waiver and preclusion grounds is granted.

> The Petition for Post–Conviction Relief of Patrick G. Poland is dismissed.

Poland filed a second PCR petition in 1993. The trial court summarily rejected the bulk of the claims as precluded. As to present Claim 16, it said:

> Claim 16: The petitioner once again raises the issue of ineffective assistance of counsel-trial counsel, appellate counsel and counsel on the first petition for post-conviction relief. *With respect to the attorneys that handled this case at trial and sentencing and on appeal, these issues have already been presented to the court and are thereby precluded. Rule 32.2(a), (c) and Rule 32.10 AR-Crim.P.* Petitioner's Memorandum of Points and Authorities is replete with allegations that every lawyer that ever touched this case is ineffective for failing to raise each and every issue that could ever come to the mind of a lawyer during the course of fifteen years of litigation without respect to the professional judgment of the attorneys involved, effective advocacy or the viability of any of the issues. This claim is frivolous in the extreme, is unsupported by the record and flies in the face of any concept of judicial economy or the finality of judgments. The claim is without merit.

The State argues, and the district court found, that Poland's ineffective assistance of counsel claim was procedurally barred by the trial court's rulings. We agree.

"When a state prisoner has defaulted a claim by violating a state procedural rule which would constitute adequate and independent grounds to bar direct review in the U.S. Supreme Court, he may not raise the claim in federal habeas, absent a showing of cause and prejudice." *Wood v. Hall*, 130 F.3d 373, 376 (9th Cir.1997), *cert. denied*, —— U.S. ——, 118 S.Ct. 1818, 140 L.Ed.2d 955 (1998). *See also Coleman v. Thompson*, 501 U.S. 722, 729–31, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). A state procedural rule constitutes an adequate bar to federal court review if it was "firmly established and regularly followed" at the time it was applied by the state court, *Ford v. Georgia*, 498 U.S. 411, 424, 111 S.Ct. 850, 112 L.Ed.2d 935 (1991), and is considered independent if it is not interwoven with federal law or dependent upon a federal constitutional ruling. *See Ake v. Oklahoma*, 470 U.S. 68, 75, 105 S.Ct. 1087, 84 L.Ed.2d 53 (1985). The mere fact that a federal claimant failed to abide by a state procedural rule does not, however, in and of itself, prevent review of the federal habeas claim: "The state court must actually have relied on the procedural bar as an independent basis for its disposition of the case." *Harris v. Reed*, 489 U.S. 255, 261–62, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989).

In the present case, the trial court found Poland's ineffective assistance of counsel claim to be barred under Arizona Rule of Criminal Procedure 32.2.[7] As discussed

7. The trial court also relied on Ariz. R.Crim. P. Rule 32.10 to support its finding of preclusion.

above in Section III, Arizona's procedural rules are consistently and regularly followed and are adequate to bar federal review. The only question, then, is whether the trial court "actually ... relied on the procedural [rule] as an independent basis for its disposition of the case." *Id.* To answer this question, we must closely examine the rule relied on by the state trial court, Ariz. R.Crim. P. 32.2.

The version of Rule 32.2 in effect in 1988, which applied to both Poland's first and second PCR petitions, provided in relevant part:

> (a) *Preclusion.* A petitioner will not be given relief under this rule based upon a ground:
>
> . . . .
>
> (2) Finally adjudicated on the merits on appeal or in any previous collateral proceeding.
>
> (3) Knowingly, voluntarily and intelligently not raised at trial, on appeal, or in any previous collateral proceeding.
>
> . . . .
>
> (c) *Inference of Waiver.* The court may infer from the petitioner's failure ... to raise any ground then available to him in a previous Rule 32 proceeding ... that he knowingly, voluntarily and intentionally relinquished the right to do so.

Ariz. R.Crim. P. 32.2 (1988).

Thus, under Rule 32.2, a claim is barred in two different situations. First, under subsection (a)(2), a claim is barred if it was previously presented to the Arizona Supreme Court, or to the trial court in a prior PCR proceeding. We will refer to subsection (a)(2)'s bar to consideration as "preclusion."

Second, under subsection (a)(3), a claim is barred if it was "knowingly, voluntarily and intelligently not raised at trial, on appeal, or in any previous collateral proceeding." We will refer to subsection (a)(3)'s bar to consideration as "waiver."

The distinction between a claim that is "precluded" under subsection (a)(2) and one that has been "waived" under subsection (a)(3) becomes important in federal habeas. A claim that has been found to be "precluded" under subsection (a)(2) appears to be a classic exhausted claim and may therefore be subject to consideration in federal habeas. *See Ceja v. Stewart,* 97 F.3d 1246, 1252–53 (9th Cir.1996) (recognizing the distinction between waiver and preclusion, and holding that "[p]reclusion does not provide a basis for federal courts to apply a procedural bar").

· In contrast, a claim that has been "waived" under subsection (a)(3) is procedurally defaulted and therefore barred from federal court consideration, absent a showing of cause and prejudice or fundamental miscarriage of justice.

With the distinction between "waiver" and "preclusion" in mind, we turn to an analysis of the effect of the two PCR orders in the present case.

The trial court's 1994 ruling on the ineffective assistance of counsel claim raised in Poland's second PCR petition can be separated into two parts. In the first part, the court mentions ineffective assistance of counsel issues relating to trial, appeal and the first PCR proceeding, then proceeds to hold that the claims relating to trial, sentencing and appeal are precluded as having been previously presented to the trial court. In the second part of its ruling, the trial court addresses generally the claims of ineffective assistance of counsel, which included ineffective assistance of counsel during the first PCR proceeding.[8]

---

Rule 32.10 provided:

Any grounds for post-conviction relief which have been litigated in the proceedings leading to the judgment of conviction shall not be relitigated in these proceedings. All grounds for relief available to petitioner must be raised by petitioner either in his petition or in the hearing thereon. Any ground not raised will be presumed waived and may not be the basis for subsequent petition unless the court finds

there was reasonable ground for omitting the matter in the original petition or hearing.
Ariz. R.Crim. P. 32.10 (repealed 1992).

**8.** Poland's argument that the second part of the 1994 order is a merits decision which undoes any preclusive effect of the first part is without merit.

An independent and adequate state procedural rule, if invoked by the state court, bars federal

The plain import of the 1994 ruling is that the claim of ineffective assistance of counsel at sentencing had been previously presented and could not again be considered.[9] Thus, the trial court found the ineffective assistance of counsel claim to be "precluded," *see* Ariz. R.Crim. P. 32.2(a)(2), rather than "waived," *see* Ariz. R.Crim. P. 32.2(a)(3), and federal review is not necessarily barred. To determine whether federal review is available on this claim, we must look to the prior proceeding-the first PCR proceeding-and determine whether the state trial court's rejection of the ineffective assistance of counsel at sentencing claim in that proceeding was based on a procedural default which bars federal review.

In his first PCR petition, Poland presented a claim of ineffective assistance of counsel at sentencing, contending that he had been denied effective assistance of counsel throughout the sentencing phase of his trial. The trial court held an evidentiary hearing at which only generalized claims relating to lack of mitigation evidence were presented. The trial court's order rejecting the first PCR petition adopted the State's analysis of waiver as stated on pages 2–5 of the State's Reply to Poland's post-hearing memorandum.

The State's Reply specifically took the position that the PCR petition process was not intended to stand in for a second appeal; that all of the issues presented in the first PCR petition were based upon facts that were available at the time of the prior direct appeal; and that the defendant's contention that "many of his arguments could not have been raised on appeal" must be rejected because the defendant "failed to meet his burden of showing that a particular claim was not available on appeal." In fact, except for one paragraph, where the State argued, "In any event, defendant has not shown that [his trial counsel] was ineffective," the State's entire argument on pages 2–5, which was adopted by the trial court, was devoted to arguing waiver. The State concluded:

> [T]he basis for raising each and every claim in the petition was present at the time of appeal. If defendant felt that an additional record needed to be made to support the claims, he could have stayed the appeal and filed a petition for post-conviction relief. He did not do so. It is too late to do it now.

The trial court's specific language, and its adoption of the State's analysis, make it clear that in its ruling on the first PCR petition, the court found the claim of ineffective assistance of counsel to be "waived" under Ariz. R.Crim. P. 32.2(a)(3). *See* Arizona Superior Court's 1988 order denying Poland's first PCR petition (adopting the State's analysis on waiver and holding that "[t]he claims presented have been waived (Rule 32.2 and 32.10)."); State's Reply (Motion to Dismiss) First PCR Petition at 2–5. This conclusion is reinforced by the fact that a claim of ineffective assistance of counsel at sentencing was not raised on direct appeal and thus could not have been the subject of a finding of "preclusion" on the basis of prior presentation under Ariz. R.Crim. P. 32.2(a)(2).[10]

court review of the underlying claim. *Coleman*, 501 U.S. at 750, 111 S.Ct. 2546. If, however, the state court overlooks the procedural default and considers the merits, there is no procedural bar. *Panther v. Hames*, 991 F.2d 576, 580 (9th Cir. 1993).

It is clear that the trial court did not overlook the procedural bar. It specifically stated and relied on procedural grounds in rejecting the ineffective assistance claim relating to sentencing. The fact that the court went on to discuss the lack of merit of some or all of the ineffective assistance claims does not eliminate the procedural bar. *See Harris*, 489 U.S. at 264 n. 10, 109 S.Ct. 1038; *Carriger v. Lewis*, 971 F.2d 329, 333 (9th Cir.1992) (en banc).

9. Poland has abandoned his claims of ineffective assistance of counsel at trial and on appeal except to the extent that these claims relate to cause for his procedural default. *See* discussion *infra* Section IV–B.

10. The present case is clearly distinguishable from *Ceja*, 97 F.3d 1246. In *Ceja*, the trial court rejected Ceja's claims in his second PCR petition "for the reasons stated in [the State's] Response to Petitioner's Petition for Post Conviction Relief." In that document, the State argued, inconsistently, that Ceja's claims were both waived and precluded: "[A]ll of petitioner's grounds are precluded because petitioner either knowingly, intelligently and voluntarily withheld them on

The issue of ineffective assistance of counsel at sentencing, having been declared barred by waiver under Ariz. R.Crim. P. 32.2(a)(3), is procedurally defaulted and cannot be considered in federal habeas absent a showing of cause and prejudice, to which we now turn.

5. On slip opinion page 9318 [151 F.3d at 1021], renumber footnote 9 as footnote 11.

6. On slip opinion page 9320 (151 F.3d at 1022), delete the text commencing with the first full paragraph, through page 9321 [151 F.3d at 1023], first three lines, and replace with the following:

The Arizona Supreme Court set aside the finding that the murders were committed in an "especially heinous, cruel or depraved manner." *Id.* at 200. It left the death penalty in place. *Id.* at 202.

Poland claims that the Arizona Supreme Court failed to reweigh all the mitigating circumstances against the aggravating circumstances as required. *See Richmond v. Lewis,* 506 U.S. 40, 49, 113 S.Ct. 528, 121 L.Ed.2d 411 (1992) ("Where the death sentence has been infected by [an] . . . invalid aggravating factor, the state appellate court or some other state sentencer must actually perform a new sentencing calculus, if the sentence is to stand."); *Jeffers v. Lewis,* 38 F.3d 411, 414 (9th Cir.1994) (en banc) ("[W]hen a trial court bases its decision to impose a death sentence on both valid and invalid aggravating factors, a state appellate court can affirm the sentence only after performing a harmless-error review, or reweighing the mitigating evidence against the remaining valid aggravating factors."). We disagree.

After striking down one of the aggravating factors the trial court had relied upon in imposing the death penalty, the Arizona

Supreme Court reviewed the evidence and found it sufficient to support the other aggravating circumstances found by the trial court:

The State has, however, proven beyond a reasonable doubt that defendant "committed the offense as consideration for the receipt, or in the expectation of the receipt, of anything of pecuniary value." A.R.S. § 13–703(F)(5). This circumstance is applied to murders having a "financial motivation." · In the instant case, the murders were part of an overall scheme to obtain items of pecuniary value. Under the facts of this case, the "pecuniary gain" finding was clearly warranted.

Defendant maintains, however, that the sentencing court incorrectly found the aggravating circumstance contained in A.R.S. § 13–703(F)(2): that he "was previously convicted of a felony in the United States involving the use or threat of violence on another person." He argues that this factor should not have been found absent an examination of whether violence played a role in his prior conviction for bank robbery. This argument was . . . recently raised and rejected in *State v. Nash,* [143 Ariz. 392] at 404, 694 P.2d [222] at 234 [(1985)], where we held that judicial notice may be taken that certain felonies, by definition, involve violence against others. *See also State v. Watson,* 120 Ariz. 441, 448, 586 P.2d 1253, 1260 (1978), *cert. denied,* 440 U.S. 924, 99 S.Ct. 1254, 59 L.Ed.2d 478 (1979) ("Fear of force is an element of robbery and the conviction of robbery presumes that such fear was present.") Furthermore, defendant's claim that Double Jeopardy principles

---

direct appeal or his previous Rule 32 proceeding, or they have been previously determined against petitioner's position on the merits." *Id.* at 1252–53. We held:

Preclusion does not provide a basis for federal courts to apply a procedural bar. By adopting Arizona's mixed arguments of preclusion and waiver with respect to these claims, the state court in Ceja's second Rule 32 proceeding did not clearly base its decision on independent and adequate state law grounds.

*Id.* at 1253 (citations omitted). We therefore reviewed Ceja's claims on the merits.

In contrast, in the present case, the State's analysis adopted by the trial court did not argue inconsistently that the claims were previously reviewed on the merits and also waived. The State argued specifically and separately that the claims had been waived because they were not presented on direct appeal. The trial court adopted the State's argument, and specifically held that the claims were "waived."

bar the use of his prior conviction to enhance sentencing is without merit.

698 P.2d at 201.

The Arizona Supreme Court then reviewed the evidence presented in mitigation, weighed it against the aggravating circumstances, and found that the death penalty should be imposed:

> The trial court found as mitigating circumstances the defendant's close family ties, and that he was a model prisoner. The trial court found that these mitigating circumstances were not "sufficiently substantial to call for leniency."

Defendant raises two arguments relating to mitigating circumstances. First, he argues that the sentencing court's failure to find good reputation as a mitigating circumstance was error. We do not agree.

Defendant points to numerous letters written by family members and acquaintances attesting to his good reputation. The sentencing court, however, found this evidence was contradicted by defendant's prior conviction. The court reasoned that defendant's reputation was not a mitigating factor because it was falsely built.

. . . .

In light of the conflicting evidence as to defendant's reputation, we do not believe that the defendant has shown by a preponderance of the evidence defendant's good reputation as a mitigating circumstance.

Second, defendant also claims error to the sentencing court's discussion of close family ties as a mitigating circumstance. . . .

Defendant contends that the court was using a mitigating factor as an aggravating factor contrary to *State v. Just.* We do not believe, however, that the court used defendant's close family ties in this manner. Rather, it appears that the court found this to be a mitigating factor but not "sufficiently substantial to call for leniency." We find no error.

We further find that neither defendant's age, twenty-seven at the time of the offenses, *State v. Clark, supra [*126 Ariz. 428, 616 P.2d 888 (1980)*];* nor the fact that he was a model prisoner, *State v. Carriger,* 143 Ariz. 142, 161–62, 692 P.2d 991, 1010–1011 (1984), are mitigating factors sufficiently substantial to call for leniency. We believe the death penalty should be imposed in this case.

*Id.* at 201–02.

After discussing the proportionality of the death penalty in Poland's case, the court concluded:

> The finding that the murders were committed in an "especially heinous, cruel or depraved manner" is set aside, but the findings as to the other aggravating circumstances are affirmed. *No mitigating circumstances sufficiently substantial to call for leniency have been shown.*

*Id.* at 202 (emphasis added).

The Arizona Supreme Court's approach in reweighing the evidence is perfectly consistent with both our precedent and United States Supreme Court precedent. *See Romano v. Oklahoma,* 512 U.S. 1, 11, 114 S.Ct. 2004, 129 L.Ed.2d 1 (1994); *Clemons v. Mississippi,* 494 U.S. 738, 750–52, 110 S.Ct. 1441, 108 L.Ed.2d 725 (1990); *Michael Poland v. Stewart,* 117 F.3d at 1101; *Jeffers,* 38 F.3d at 414–15. In fact, the approach used by the Arizona Supreme Court is almost indistinguishable from the approach approved by the United States Supreme Court in *Romano,* 512 U.S. at 11, 114 S.Ct. 2004.

With these amendments, the panel has voted unanimously to deny the petition for rehearing and to reject the suggestion for rehearing en banc.

The full court has been advised of the suggestion for rehearing en banc and no active judge has requested a vote on whether to rehear the matter en banc. Fed. R.App. P. 35.

The petition for rehearing is DENIED and the suggestion for rehearing en banc is REJECTED.

## OPINION

T.G. NELSON, Circuit Judge:

Arizona death row inmate Patrick G. Poland appeals the district court's denial of his petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.

I

## FACTS AND PROCEDURAL HISTORY

In 1980, Patrick Poland ("Patrick" or "Poland") and his brother, Michael Poland ("Michael"), were convicted in Arizona state court of two 1977 murders and sentenced to death. The convictions arose from the May 1977 hijacking and robbery of an armored car during which the two armored car guards, Russell Dempsey and Cecil Newkirk, were murdered.[1] The convictions were overturned by the Arizona Supreme Court on the basis of jury misconduct. *State v. Poland,* 132 Ariz. 269, 645 P.2d 784 (1982) *(in banc)* (*Poland I*).

When the case returned to the Arizona Superior Court ("trial court") following the reversal in *Poland I,* the newly elected county prosecuting attorney moved to dismiss the charges on the basis that there was insufficient evidence on which to proceed to trial. The trial court denied the motion and a subsequent motion for reconsideration.

Following denial of the motions, counsel for the Polands moved to disqualify the trial judge for bias. The motion was referred to another judge of the Arizona Superior Court, who found no bias and denied the motion.

The Polands were again convicted and sentenced to death. The convictions and sentences were upheld on appeal by the Arizona Supreme Court, *State v. Patrick Poland,* 144 Ariz. 388, 698 P.2d 183 (1985) *(in banc),* and *State v. Michael Poland,* 144 Ariz. 412, 698 P.2d 207 (1985) *(in banc),* and by the Supreme Court of the United States on *certio-*

*rari, Poland v. Arizona,* 476 U.S. 147, 106 S.Ct. 1749, 90 L.Ed.2d 123 (1986).

Poland's first post-conviction relief ("PCR") petition was denied by the trial court, and the Arizona Supreme Court denied review without comment. Poland then filed a petition for a writ of habeas corpus in federal district court. While that was pending, he filed a second PCR petition in the trial court. The trial court held that a number of claims were precluded under the applicable state rules governing PCR proceedings. The claims in the second PCR petition became the basis of the amended habeas petition which the district court denied. We have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 1291 and § 2253, and we affirm.

II

## ISSUES RESOLVED ON THE MERITS

A. *Merits Issues Resolved in Michael Poland's Appeal (Claims 7, 13, 14 and 17 (lethal gas))*

The Polands were tried and convicted in the same state trial, but have filed separate federal habeas petitions. We previously decided the appeal of Michael Poland in *Michael Poland v. Stewart,* 117 F.3d 1094 (9th Cir.1997), *cert. denied,* —— U.S. ——, 118 S.Ct. 1533, 140 L.Ed.2d 683 (1998). The following issues raised by Patrick Poland were previously raised and rejected by this court in Michael's appeal: the vagueness of the pecuniary gain aggravating factor found in A.R.S. § 13–454(E)(5)[2] and the unforeseeable judicial expansion of the statute (Claims 13 and 14); the same trial judge presided during the retrial (Claim 7); and the unconstitutionality of lethal gas as a method of execution (Claim 17).

▉ Our rulings on these issues in the *Michael Poland* case are now the law of the circuit and can only be changed by an *en*

---

1. The brothers had been previously convicted of robbery and kidnapping in federal court and given sentences of approximately 100 years. *United States v. Poland,* 659 F.2d 884 (9th Cir.), *cert. denied,* 454 U.S. 1059, 102 S.Ct. 611, 70 L.Ed.2d 598 (1981). Prior to their prosecution in state court for the murders, the Polands were

in federal penitentiaries serving their sentences for the robbery and kidnapping convictions. They were transferred to the custody of the State of Arizona where they have remained.

2. Now found in A.R.S. § 13–703(F)(5).

*banc* court or subsequent Supreme Court authority. *See LeVick v. Skaggs Cos., Inc.,* 701 F.2d 777, 778 (9th Cir.1983). Because neither an *en banc* court nor the Supreme Court has undermined our rejection of these issues in the *Michael Poland* case, denial of Claims 7, 13, 14 and 17 (lethal gas) is mandated.

### B. The Challenges for Cause (Claim 8)

The apprehension and first trial of the Polands attracted much attention from the media in the relatively small Arizona town where they were tried. When the second trial came, several jurors were uncertain about their ability to judge the case on the facts, rather than on their views resulting from the publicity. Poland's challenges of four of these jurors for cause were denied by the trial court. Poland then used peremptory challenges to remove these four jurors. The trial court's rulings on the denials of the challenges for cause as to two of the jurors were appealed to and upheld by the Arizona Supreme Court. *Poland,* 698 P.2d at 193.

■ Poland argues in Claim 8 that the trial court's denials of his challenges for cause [3] were "manifestly erroneous" and unconstitutionally impaired his right to exercise his peremptory challenges in violation of the Sixth Amendment.[4] We disagree.

■ The loss of peremptory challenges does not constitute "a violation of the right to an impartial jury.... [P]eremptory challenges are not of constitutional dimension. They are a means to achieve the end of an impartial jury." *Ross v. Oklahoma,* 487 U.S. 81, 88, 108 S.Ct. 2273, 101 L.Ed.2d 80 (1988) (citations omitted). "So long as the jury that sits is impartial, the fact that the defendant had to use a peremptory challenge to achieve that result does not mean the Sixth Amendment was violated." *Id.*

■ Poland does not argue that the jury as finally constituted was not impartial, or that the loss of the peremptories forced him to accept a biased juror. He fails to even contend that any prejudice resulted from the denial of the challenges. We conclude that no violation of Poland's Sixth Amendment right to an impartial jury occurred. *See id.* The district court correctly denied Claim 8.

### III

### CLAIMS REJECTED AS PROCEDURALLY DEFAULTED

Poland's Claims 2 through 6 (relating generally to alleged prosecutorial misconduct and the trial court's refusal to dismiss the case), a part of 8, 9 (alleging the reversal in *Poland I* was an implied acquittal of the death penalty), 10 (arguing that the prosecution had abandoned the pecuniary gain aggravating factor at sentencing) and 16 (claiming ineffective assistance of counsel at sentencing) were denied by the district court as procedurally defaulted. Poland acknowledges, as to all but the part of Claim 8 discussed above, and Claim 16,[5] that these claims were not raised in state court until his second PCR petition.

Poland argues, however, that Arizona's procedural rules are not consistently and regularly followed, that the "fundamental error" review of the Arizona Supreme Court constitutes a fair presentation of the issue to that court, and that the claimed ineffectiveness of his counsel on his first PCR petition can constitute cause for his failure to raise these claims earlier. As with the other claims decided in the *Michael Poland* case, these legal arguments were already addressed and rejected by this court in that case. Consideration of those issues is fore-

---

**3.** The district court held that Poland's claims as to two of the four jurors were procedurally defaulted. Poland challenges that ruling here. Because, as discussed *infra,* Poland does not argue that the jury that sat was not impartial, the claims as to those two jurors have no more merit than those relating to the other two jurors.

**4.** Poland also argues that the denial of his challenges for cause violated his due process rights.

Poland failed to raise a due process argument before the district court. He has therefore waived the right to raise a due process argument before this court. *See Woods v. Saturn Distrib. Corp.,* 78 F.3d 424, 430 (9th Cir.1996); *Bolker v. C.I.R.,* 760 F.2d 1039, 1042 (9th Cir.1985).

**5.** Claim 16 will be separately addressed below.

closed here, for the reasons expressed above in Section II–A.

■ Poland further argues that the trial court improperly applied Arizona Rule of Criminal Procedure 32.2 in holding these claims defaulted, since the conditions for inferring waiver under the rule were not satisfied. Federal habeas courts lack jurisdiction, however, to review state court applications of state procedural rules. *See Estelle v. McGuire,* 502 U.S. 62, 67–68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991) (explaining that "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"); *Lewis v. Jeffers,* 497 U.S. 764, 780, 110 S.Ct. 3092, 111 L.Ed.2d 606 (1990) ("[F]ederal habeas corpus relief does not lie for errors of state law."); *Langford v. Day,* 110 F.3d 1380, 1389 (9th Cir.) (holding that a petitioner may not "transform a state law issue into a federal one merely by asserting a violation of due process," and that "alleged errors in the application of state law are not cognizable in federal habeas corpus" proceedings), *cert. denied,* —— U.S. ——, 118 S.Ct. 208, 139 L.Ed.2d 144 (1997). Therefore, the district court did not err in rejecting Poland's claims 2 through 6, a portion of 8, and 9 and 10 as procedurally defaulted.[6]

## IV

## REMAINING CLAIMS

A. *Ineffective Assistance of Counsel at Sentencing (Claim 16)*

Poland filed his first PCR petition in the state trial court in 1987. One of the claims raised was "(28) Appellant was denied effective assistance of counsel throughout the sentencing phase of the proceedings." After an evidentiary hearing, the trial court denied the petition:

It appears to the Court that the State's waiver/preclusion analysis is sound. The position of the State regarding waiver and preclusion as set forth in the "Reply (Motion to Dismiss)" at pages 2–5, in *State of Arizona v. Patrick Gene Poland,* filed September 28, 1988, ... is adopted by the Court.

The Court concludes and orders as follows:

1. Regarding the petition of Patrick G. Poland:

There are no issues raised in the petition or subsequently filed pleadings and memoranda or at the hearing which either were not 1) "finally adjudicated on the merits on appeal" (Arizona Rules of Criminal Procedure, Rule 32.2(a)(2)) or "knowingly, voluntarily and intelligently not raised at trial, on appeal...." (Arizona Rules of Criminal Procedure, Rule 32.2(a)(3)).

The claims raised have been waived. (Rule 32.2 and 32.10). The relief requested is precluded. (Rule 32.2)

The State's Motion to Dismiss on waiver and preclusion grounds is granted.

The Petition for Post–Conviction Relief of Patrick G. Poland is dismissed.

Poland filed a second PCR petition in 1993. The trial court summarily rejected the bulk of the claims as precluded. As to present Claim 16, it said:

Claim 16: The petitioner once again raises the issue of ineffective assistance of counsel-trial counsel, appellate counsel and counsel on the first petition for post-conviction relief. *With respect to the attorneys that handled this case at trial and sentencing and on appeal, these issues have already been presented to the court and are thereby precluded. Rule 32.2(a), (c) and Rule 32.10 ARCrim.P.* Petitioner's Memorandum of Points and Authorities is replete with allegations that every lawyer that ever touched this case is ineffective for failing to raise each and every issue that could ever come to the mind of a lawyer during the course of fifteen years of

---

6. Poland's counsel articulated a new contention at oral argument: that in 1988 Arizona had no procedural default rule for ineffective assistance of counsel claims. This argument was based on counsel's new look at the *Carriger* cases in state court: *State v. Carriger,* 132 Ariz. 301, 645 P.2d 816 (1982); *State v. Carriger,* 143 Ariz. 142, 692

P.2d 991 (1984). These cases were not cited or relied on in Poland's briefs here. We decline to consider this new argument neither raised nor argued in the briefs in this court. *See Officers for Justice v. Civil Serv. Comm'n,* 979 F.2d 721, 726 (9th Cir.1992).

litigation without respect to the professional judgment of the attorneys involved, effective advocacy or the viability of any of the issues. This claim is frivolous in the extreme, is unsupported by the record and flies in the face of any concept of judicial economy or the finality of judgments. The claim is without merit.

The State argues, and the district court found, that Poland's ineffective assistance of counsel claim was procedurally barred by the trial court's rulings. We agree.

 "When a state prisoner has defaulted a claim by violating a state procedural rule which would constitute adequate and independent grounds to bar direct review in the U.S. Supreme Court, he may not raise the claim in federal habeas, absent a showing of cause and prejudice." *Wood v. Hall*, 130 F.3d 373, 376 (9th Cir.1997), *cert. denied,* —— U.S. ——, 118 S.Ct. 1818, 140 L.Ed.2d 955 (1998). *See also Coleman v. Thompson*, 501 U.S. 722, 729–31, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). A state procedural rule constitutes an adequate bar to federal court review if it was "firmly established and regularly followed" at the time it was applied by the state court, *Ford v. Georgia*, 498 U.S. 411, 424, 111 S.Ct. 850, 112 L.Ed.2d 935 (1991), and is considered independent if it is not interwoven with federal law or dependent upon a federal constitutional ruling. *See Ake v. Oklahoma*, 470 U.S. 68, 75, 105 S.Ct. 1087, 84 L.Ed.2d 53 (1985). The mere fact that a federal claimant failed to abide by a state procedural rule does not, however, in and of itself, prevent review of the federal habeas claim: "The state court must actually have relied on the procedural bar as an independent basis for its disposition of the case." *Harris v. Reed*, 489 U.S. 255, 261–62, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989).

In the present case, the trial court found Poland's ineffective assistance of counsel claim to be barred under Arizona Rule of Criminal Procedure 32.2.[7] As discussed above in Section III, Arizona's procedural rules are consistently and regularly followed and are adequate to bar federal review. The only question, then, is whether the trial court "actually ... relied on the procedural [rule] as an independent basis for its disposition of the case." *Id.* To answer this question, we must closely examine the rule relied on by the state trial court, Ariz. R.Crim. P. 32.2.

The version of Rule 32.2 in effect in 1988, which applied to both Poland's first and second PCR petitions, provided in relevant part:

(a) *Preclusion.* A petitioner will not be given relief under this rule based upon a ground:

. . . .

(2) Finally adjudicated on the merits on appeal or in any previous collateral proceeding.

(3) Knowingly, voluntarily and intelligently not raised at trial, on appeal, or in any previous collateral proceeding.

. . . .

(c) *Inference of Waiver.* The court may infer from the petitioner's failure ... to raise any ground then available to him in a previous Rule 32 proceeding ... that he knowingly, voluntarily and intentionally relinquished the right to do so.

Ariz. R.Crim. P. 32.2 (1988).

Thus, under Rule 32.2, a claim is barred in two different situations. First, under subsection (a)(2), a claim is barred if it was previously presented to the Arizona Supreme Court, or to the trial court in a prior PCR proceeding. We will refer to subsection (a)(2)'s bar to consideration as "preclusion."

Second, under subsection (a)(3), a claim is barred if it was "knowingly, voluntarily and intelligently not raised at trial, on appeal, or in any previous collateral proceeding." We

---

7. The trial court also relied on Ariz. R.Crim. P. Rule 32.10 to support its finding of preclusion. Rule 32.10 provided:

Any grounds for post-conviction relief which have been litigated in the proceedings leading to the judgment of conviction shall not be relitigated in these proceedings. All grounds for relief available to petitioner must be raised by petitioner either in his petition or in the hearing thereon. Any ground not raised will be presumed waived and may not be the basis for subsequent petition unless the court finds there was reasonable ground for omitting the matter in the original petition or hearing.

Ariz. R.Crim. P. 32.10 (repealed 1992).

will refer to subsection (a)(3)'s bar to consideration as "waiver."

The distinction between a claim that is "precluded" under subsection (a)(2) and one that has been "waived" under subsection (a)(3) becomes important in federal habeas. A claim that has been found to be "precluded" under subsection (a)(2) appears to be a classic exhausted claim and may therefore be subject to consideration in federal habeas. *See Ceja v. Stewart*, 97 F.3d 1246, 1252–53 (9th Cir.1996) (recognizing the distinction between waiver and preclusion, and holding that "[p]reclusion does not provide a basis for federal courts to apply a procedural bar").

In contrast, a claim that has been "waived" under subsection (a)(3) is procedurally defaulted and therefore barred from federal court consideration, absent a showing of cause and prejudice or fundamental miscarriage of justice.

With the distinction between "waiver" and "preclusion" in mind, we turn to an analysis of the effect of the two PCR orders in the present case.

■■■ The trial court's 1994 ruling on the ineffective assistance of counsel claim raised in Poland's second PCR petition can be separated into two parts. In the first part, the court mentions ineffective assistance of counsel issues relating to trial, appeal and the first PCR proceeding, then proceeds to hold that the claims relating to trial, sentencing and appeal are precluded as having been previously presented to the trial court. In the second part of its ruling, the trial court addresses generally the claims of ineffective assistance of counsel, which included ineffec-

tive assistance of counsel during the first PCR proceeding.[8]

The plain import of the 1994 ruling is that the claim of ineffective assistance of counsel at sentencing had been previously presented and could not again be considered.[9] Thus, the trial court found the ineffective assistance of counsel claim to be "precluded," *see* Ariz. R.Crim. P. 32.2(a)(2), rather than "waived," *see* Ariz. R.Crim. P. 32.2(a)(3), and federal review is not necessarily barred. To determine whether federal review is available on this claim, we must look to the prior proceeding-the first PCR proceeding-and determine whether the state trial court's rejection of the ineffective assistance of counsel at sentencing claim in that proceeding was based on a procedural default which bars federal review.

In his first PCR petition, Poland presented a claim of ineffective assistance of counsel at sentencing, contending that he had been denied effective assistance of counsel throughout the sentencing phase of his trial. The trial court held an evidentiary hearing at which only generalized claims relating to lack of mitigation evidence were presented. The trial court's order rejecting the first PCR petition adopted the State's analysis of waiver as stated on pages 2–5 of the State's Reply to Poland's post-hearing memorandum.

The State's Reply specifically took the position that the PCR petition process was not intended to stand in for a second appeal; that all of the issues presented in the first PCR petition were based upon facts that were available at the time of the prior direct appeal; and that the defendant's contention that "many of his arguments could not have

8. Poland's argument that the second part of the 1994 order is a merits decision which undoes any preclusive effect of the first part is without merit.

An independent and adequate state procedural rule, if invoked by the state court, bars federal court review of the underlying claim. *Coleman*, 501 U.S. at 750, 111 S.Ct. 2546. If, however, the state court overlooks the procedural default and considers the merits, there is no procedural bar. *Panther v. Hames*, 991 F.2d 576, 580 (9th Cir. 1993).

It is clear that the trial court did not overlook the procedural bar. It specifically stated and

relied on procedural grounds in rejecting the ineffective assistance claim relating to sentencing. The fact that the court went on to discuss the lack of merit of some or all of the ineffective assistance claims does not eliminate the procedural bar. *See Harris*, 489 U.S. at 264 n. 10, 109 S.Ct. 1038; *Carriger v. Lewis*, 971 F.2d 329, 333 (9th Cir.1992) (en banc).

9. Poland has abandoned his claims of ineffective assistance of counsel at trial and on appeal except to the extent that these claims relate to cause for his procedural default. *See* discussion *infra* Section IV–B.

been raised on appeal" must be rejected because the defendant "failed to meet his burden of showing that a particular claim was not available on appeal." In fact, except for one paragraph, where the State argued, "In any event, defendant has not shown that [his trial counsel] was ineffective," the State's entire argument on pages 2–5, which was adopted by the trial court, was devoted to arguing waiver. The State concluded:

> [T]he basis for raising each and every claim in the petition was present at the time of appeal. If defendant felt that an additional record needed to be made to support the claims, he could have stayed the appeal and filed a petition for post-conviction relief. He did not do so. It is too late to do it now.

The trial court's specific language, and its adoption of the State's analysis, make it clear that in its ruling on the first PCR petition, the court found the claim of ineffective assistance of counsel to be "waived" under Ariz. R.Crim. P. 32.2(a)(3). *See* Arizona Superior Court's 1988 order denying Poland's first PCR petition (adopting the State's analysis on waiver and holding that "[t]he claims presented have been waived (Rule 32.2 and 32.10)."); State's Reply (Motion to Dismiss) First PCR Petition at 2–5. This conclusion is reinforced by the fact that a claim of ineffective assistance of counsel at sentencing was not raised on direct appeal and thus could not have been the subject of a finding of "preclusion" on the basis of prior presentation under Ariz. R.Crim. P. 32.2(a)(2).[10]

The issue of ineffective assistance of counsel at sentencing, having been declared barred by waiver under Ariz. R.Crim. P. 32.2(a)(3), is procedurally defaulted and cannot be considered in federal habeas absent a showing of cause and prejudice, to which we now turn.

B. *Cause and Prejudice* [11]

A petitioner may be relieved from a procedural default on a showing of cause and prejudice. *Wainwright v. Sykes,* 433 U.S. 72, 85–87, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). As the Court later said: "[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier,* 477 U.S. 478, 488, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986).

Poland makes several arguments concerning cause. He first appears to argue that his counsel on appeal was ineffective for failing to raise the defaulted claims, and that this ineffectiveness constitutes cause for the default. This argument has no merit. "[T]he mere fact that counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for a procedural default." *Id.* at 486, 106 S.Ct. 2639.

Second, Poland argues that his counsel on the first PCR petition were ineffective for failing to raise the defaulted claims in that proceeding, and that this ineffectiveness constitutes cause for his proce-

---

**10.** The present case is clearly distinguishable from *Ceja,* 97 F.3d 1246. In *Ceja,* the trial court rejected Ceja's claims in his second PCR petition "for the reasons stated in [the State's] Response to Petitioner's Petition for Post Conviction Relief." In that document, the State argued, inconsistently, that Ceja's claims were both waived and precluded: "[A]ll of petitioner's grounds are precluded because petitioner either knowingly, intelligently and voluntarily withheld them on direct appeal or his previous Rule 32 proceeding, or they have been previously determined against petitioner's position on the merits." *Id.* at 1252–53. We held:

> Preclusion does not provide a basis for federal courts to apply a procedural bar. By adopting Arizona's mixed arguments of preclusion and

waiver with respect to these claims, the state court in Ceja's second Rule 32 proceeding did not clearly base its decision on independent and adequate state law grounds.

*Id.* at 1253 (citations omitted). We therefore reviewed Ceja's claims on the merits.

In contrast, in the present case, the State's analysis adopted by the trial court did not argue inconsistently that the claims were previously reviewed on the merits and also waived. The State argued specifically and separately that the claims had been waived because they were not presented on direct appeal. The trial court adopted the State's argument, and specifically held that the claims were "waived."

**11.** This discussion applies to all defaulted claims, not just Claim 16.

dural default. This argument is also without merit. Ineffective assistance of counsel constitutes cause for procedural default only if counsel's performance was constitutionally ineffective. *Id.* at 488, 106 S.Ct. 2639. Because "[t]here is no constitutional right to an attorney in state post-conviction proceedings," there cannot be "constitutionally ineffective assistance of counsel in such proceedings." *Coleman,* 501 U.S. at 752, 111 S.Ct. 2546. Poland's claim of ineffective assistance of counsel in his first PCR proceeding does not, therefore, constitute cause for his procedural default. *See id.* at 752–53, 111 S.Ct. 2546; *Moran v. McDaniel,* 80 F.3d 1261, 1271 (9th Cir.1996); *Bonin v. Vasquez,* 999 F.2d 425, 430 (9th Cir.1993).

Third, Poland argues that since counsel on his first PCR proceeding were appointed by the trial court, their deficiencies should be charged to the State, as is the situation with trial counsel. He attempts to distinguish *Coleman* on the basis that petitioner's counsel there was *pro bono,* and *Bonin* on the basis that this court did not consider the effect of court-appointed counsel on the issue.

■■■ Counsel for Patrick Poland appeared as *amicus* in Michael Poland's case. They there advanced this same argument, and we squarely rejected it. *Michael Poland,* 117 F.3d at 1106. We do so again: The fact that counsel in a collateral proceeding is appointed by the court does not change the rule that petitioner is not entitled to effective assistance of counsel in those proceedings.

Poland has not shown cause for the defaults declared by the state courts, so we need not reach the issue of prejudice.

## C. *Failure to Reweigh (Claim 11)*

Three statutory aggravating factors were found to apply in Poland's case:

1. That defendant committed the crime in an "especially heinous, cruel or depraved manner." A.R.S. § 13–703(F)(6).

2. That the crime was committed "as consideration for the receipt, or in expectation of the receipt, of anything of pecuniary value." A.R.S. § 13–703(F)(5).

3. That defendant had been "previously convicted of a felony in the United States

involving the use or threat of violence on another person." A.R.S. § 13–703(F)(2). *State v. Poland,* 698 P.2d at 199.

The Arizona Supreme Court set aside the finding that the murders were committed in an "especially heinous, cruel or depraved manner." *Id.* at 200. It left the death penalty in place. *Id.* at 202.

Poland claims that the Arizona Supreme Court failed to reweigh all the mitigating circumstances against the aggravating circumstances as required. *See Richmond v. Lewis,* 506 U.S. 40, 49, 113 S.Ct. 528, 121 L.Ed.2d 411 (1992) ("Where the death sentence has been infected by [an] ... invalid aggravating factor, the state appellate court or some other state sentencer must actually perform a new sentencing calculus, if the sentence is to stand."); *Jeffers v. Lewis,* 38 F.3d 411, 414 (9th Cir.1994) (en banc) ("[W]hen a trial court bases its decision to impose a death sentence on both valid and invalid aggravating factors, a state appellate court can affirm the sentence only after performing a harmless-error review, or reweighing the mitigating evidence against the remaining valid aggravating factors."). We disagree.

After striking down one of the aggravating factors the trial court had relied upon in imposing the death penalty, the Arizona Supreme Court reviewed the evidence and found it sufficient to support the other aggravating circumstances found by the trial court:

The State has, however, proven beyond a reasonable doubt that defendant "committed the offense as consideration for the receipt, or in the expectation of the receipt, of anything of pecuniary value." A.R.S. § 13–703(F)(5). This circumstance is applied to murders having a "financial motivation." In the instant case, the murders were part of an overall scheme to obtain items of pecuniary value. Under the facts of this case, the "pecuniary gain" finding was clearly warranted.

Defendant maintains, however, that the sentencing court incorrectly found the aggravating circumstance contained in A.R.S. § 13–703(F)(2): that he "was previously convicted of a felony in the United States

involving the use or threat of violence on another person." He argues that this factor should not have been found absent an examination of whether violence played a role in his prior conviction for bank robbery. This argument was ... recently raised and rejected in *State v. Nash*, at 404, 694 P.2d at 234, where we held that judicial notice may be taken that certain felonies, by definition, involve violence against others. *See also State v. Watson*, 120 Ariz. 441, 448, 586 P.2d 1253, 1260 (1978), *cert. denied*, 440 U.S. 924, 99 S.Ct. 1254, 59 L.Ed.2d 478 (1979) ("Fear of force is an element of robbery and the conviction of robbery presumes that such fear was present.") Furthermore, defendant's claim that Double Jeopardy principles bar the use of his prior conviction to enhance sentencing is without merit.

698 P.2d at 201.

The Arizona Supreme Court then reviewed the evidence presented in mitigation, weighed it against the aggravating circumstances, and found that the death penalty should be imposed:

> The trial court found as mitigating circumstances the defendant's close family ties, and that he was a model prisoner. The trial court found that these mitigating circumstances were not "sufficiently substantial to call for leniency."

> Defendant raises two arguments relating to mitigating circumstances. First, he argues that the sentencing court's failure to find good reputation as a mitigating circumstance was error. We do not agree.

> Defendant points to numerous letters written by family members and acquaintances attesting to his good reputation. The sentencing court, however, found this evidence was contradicted by defendant's prior conviction. The court reasoned that defendant's reputation was not a mitigating factor because it was falsely built.

> ....

> In light of the conflicting evidence as to defendant's reputation, we do not believe that the defendant has shown by a preponderance of the evidence defendant's good reputation as a mitigating circumstance.

Second, defendant also claims error to the sentencing court's discussion of close family ties as a mitigating circumstance....

> Defendant contends that the court was using a mitigating factor as an aggravating factor contrary to *State v. Just*. We do not believe, however, that the court used defendant's close family ties in this manner. Rather, it appears that the court found this to be a mitigating factor but not "sufficiently substantial to call for leniency." We find no error.

> We further find that neither defendant's age, twenty-seven at the time of the offenses, *State v. Clark, supra;* nor the fact that he was a model prisoner, *State v. Carriger*, 143 Ariz. 142, 161–62, 692 P.2d 991, 1010–1011 (1984), are mitigating factors sufficiently substantial to call for leniency. We believe the death penalty should be imposed in this case.

*Id.* at 201–02.

After discussing the proportionality of the death penalty in Poland's case, the court concluded:

> The finding that the murders were committed in an "especially heinous, cruel or depraved manner" is set aside, but the findings as to the other aggravating circumstances are affirmed. *No mitigating circumstances sufficiently substantial to call for leniency have been shown.*

*Id.* at 202 (emphasis added).

The Arizona Supreme Court's approach in reweighing the evidence is perfectly consistent with both our precedent and United States Supreme Court precedent. *See Romano v. Oklahoma*, 512 U.S. 1, 11, 114 S.Ct. 2004, 129 L.Ed.2d 1 (1994); *Clemons v. Mississippi*, 494 U.S. 738, 750–52, 110 S.Ct. 1441, 108 L.Ed.2d 725 (1990); *Michael Poland v. Stewart*, 117 F.3d at 1101; *Jeffers*, 38 F.3d at 414–15. In fact, the approach used by the Arizona Supreme Court is almost indistinguishable from the approach approved by the United States Supreme Court in *Romano*, 512 U.S. at 11, 114 S.Ct. 2004.

As we said in Michael Poland's case, we "presume[ ] that state courts follow the law,

even when they fail to so indicate." 117 F.3d at 1101 (quotation omitted). We concluded:

> Here, the Arizona Supreme Court analyzed each mitigating factor claimed to exist. It ended the opinion by saying: "No mitigating circumstances sufficiently substantial to call for leniency have been found." 698 P.2d at 211. Given the presumption that the court followed the law, the court's recognition of its independent duty to review the factors, the court's specific discussion of each of the mitigating factors, and the closing sentence, we hold that the Arizona Supreme Court sufficiently weighed the remaining aggravating circumstance against the mitigating circumstances.

*Id.* (citations omitted).

▉ As noted above, the Arizona Supreme Court made the same statement in Patrick's case concerning the inadequacy of the mitigating factors to call for leniency. The Arizona Supreme Court adequately reweighed in Patrick Poland's case, as it did in Michael's.

### D. *Cruel and Unusual Punishment (Claim 17)*

In the district court, Poland raised a number of challenges to Arizona's statutory scheme for execution, including *ex post facto* and due process arguments. Here, he limits himself to arguing that lethal injection is an unconstitutionally cruel and unusual method of imposing capital punishment.

Poland's initial argument in support of this claim rested on the same record as did Michael Poland's. We rejected that argument in *Michael Poland*, 117 F.3d at 1105. We cannot revisit it here, for the reason stated above in Section II-A.

▉ Poland argues that his claim is not foreclosed because he offered additional evidence. We disagree. After the district court rejected his Eighth Amendment claim, Poland produced the affidavit of Karen Griest, M.D., dated July 3, 1995. This affidavit, which was apparently written for some other purpose, generally addressed whether the Arizona method of administering lethal injection could cause severe pain. As the district

court found, this affidavit "does not indicate that lethal injection as a method of execution is shocking to the universal sense of justice." To the contrary, Dr. Griest admits that she would need to obtain additional information to determine the amount of pain and suffering experienced before death, and to determine why the levels of Pentothal were so low. Dr. Griest's opinion, based on her preliminary observations and speculation, is insufficient to raise a genuine issue of material fact.

### E. *Claims 1, 12 and 15*

▉ Poland fails to assign error or present any argument or pertinent authority to support the following claims: Claim 1, relating to state jurisdiction to carry out the sentence; Claim 12, relating to lack of a finding of intent to kill; and Claim 15, that the death penalty was disproportionate and excessive as applied to Poland. These claims have therefore been waived. *See United States v. Tisor*, 96 F.3d 370, 376 (9th Cir. 1996); *Collins v. City of San Diego*, 841 F.2d 337, 339 (9th Cir.1988).

### CONCLUSION

The district court's denial of Patrick Poland's petition for writ of habeas corpus is AFFIRMED.