Robert Darrell HALL, Petitioner–
Appellant,

v.

James H. GOMEZ, Director, California
Department of Corrections, et al.,
Respondents–Appellees.

No. 01–16296.

D.C. No. CV–93–01666–LKK(DAD).

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 9, 2002.*

Decided Sept. 16, 2002.

Before HUG, O'SCANNLAIN, and TASHIMA, Circuit Judges.

## MEMORANDUM**

Robert Darrell Hall appeals the district court's dismissal of his 28 U.S.C. § 2254 petition following his conviction for three counts of oral copulation, two counts of rape, two counts of sexual battery, and burglary. We have jurisdiction pursuant to 28 U.S.C. § 2254. We review the voluntariness of a confession de novo, *see United States v. Coleman,* 208 F.3d 786, 790 (9th Cir.2000), and we affirm.

Hall first contends that his confession, induced by a police detective's representation that psychological counseling was available in prison, was involuntary because the detective failed to tell him that he would only be eligible for treatment two years before his release from prison.[1] We reject this contention because even if the detective misrepresented the availability of counseling, the representation was not unconstitutionally coercive. *See United States v. Orso,* 266 F.3d 1030, 1039 (9th Cir.2001) (concluding that deception does not constitute coercive conduct).

Hall next contends that he was discouraged from invoking his rights under *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), by the detective's negative remarks regarding attorneys. We disagree. The detective's two references to attorneys were not in re-

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, appellant's March 13, 2002 request for oral argument is denied.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Hall's contention, that his confession was involuntary because he was handcuffed to a table during the interrogation, is raised for the first time on appeal and waived. *See Poland v. Stewart,* 169 F.3d 573, 576 n. 4 (9th Cir.1999).

sponse to a request for counsel and were not legal opinions as to whether Hall should remain silent and exercise his right to counsel. *Cf., Collazo v. Estelle*, 940 F.2d 411, 417–18 (9th Cir.1991). Accordingly, under the totality of the circumstances, *see Orso*, 266 F.3d at 1039, Hall's confession was voluntary.

Hall finally contends that although he waived his *Miranda* rights prior to questioning, the continued waiver of his rights was involuntary as a result of the detective's misleading representations regarding psychological treatment. Assuming that this argument was raised in the district court, we reject it for the same reason we rejected Hall's challenge to the voluntariness of his confession. *See Orso* at 1039.

**AFFIRMED.**