Isaac Steven VALLE, Petitioner—
Appellant,

v.

Benny ROLLINS, et al., Respondent—
Appellee.

No. 03–15379.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 14, 2003.*

Decided Oct. 17, 2003.

Isaac Steven Valle, #126113, Florence, AZ, pro se.

Diane Acosta, Tucson, AZ, for Respondent–Appellee.

Before: WARDLAW, BERZON, and CLIFTON, Circuit Judges.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Arizona state prisoner Isaac Steven Valle appeals pro se the district court's denial of his 28 U.S.C. § 2254 habeas petition challenging his conviction for murder and attempted murder. We have jurisdiction under 28 U.S.C. § 2253, we review de novo, and affirm.

The district court issued a certificate of appealability on the issue of timeliness as well as the merits of Valle's 2254 habeas petition. Even assuming timeliness, we agree with the district court's determination on the merits.

Valle contends that his trial attorney rendered ineffective assistance first by failing to present impeachment witnesses regarding the identity of the shooter, second by failing to impeach Robert Aparcio who had, at trial, identified from a photo line-up, someone other than Valle as the shooter, and third by preventing him from "answering jury questions." Valle also claims ineffective assistance of appellate counsel. For Valle to succeed, he must demonstrate: (1) that counsel's representation fell below an objective standard of reasonableness, and (2) that he was prejudiced thereby. *See Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

Valle cannot show a reasonable probability that had his attorney presented specific impeachment witnesses at trial the result of his trial would have been different. Therefore, the district court properly denied that contention. *See id.* at 693–94.

Additionally, the district court was correct in finding that Valle had not fairly presented to the Arizona appellate courts the issue of his counsel's failure to impeach

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Aparcio. Because he failed to do so, the district court properly ruled this issue was procedurally barred. *See James v. Borg,* 24 F.3d 20, 24 (9th Cir.1994) (stating that fair presentation requires that each claim be presented to the state's highest court in a manner allowing review on the merits).

Finally, Valle contends ineffective assistance of trial counsel for preventing him from "answering jury questions" and ineffective assistance of state appellate counsel. We decline to address these issues because Valle failed to present them to the district court. *See Poland v. Stewart,* 169 F.3d 573, 583 n. 4 (9th Cir.1999) (stating that issues not raised in district court are waived and cannot be presented to this court).

**AFFIRMED.**