**John W. WINDHAM, Petitioner,**

v.

**William MERKLE, Warden, Respondent.**

No. 03–15212.

D.C. No. CV–95–01278–GEB.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 5, 2003.*

Decided Nov. 7, 2003.

Richard Hale Dangler, Law Offices of Ricahrd H. Dangler, Jr., Sacramento, CA, for Petitioner.

Harry Joseph Colombo, AGCA–Office of the California Attorney General, Sacramento, CA, for Respondent.

Before CANBY, W. FLETCHER, and TALLMAN, Circuit Judges.

MEMORANDUM**

In *Windham v. Merkle,* 163 F.3d 1092 (9th Cir.1998), this court affirmed in part and vacated in part the district court's denial of Windham's petition for a writ of habeas corpus challenging his conviction of second degree murder in California state court. *See id.* at 1107. We instructed the district court to afford Windham the opportunity, if he could, "to demonstrate cause for defaulting his federal constitutional claim [that the prosecution engaged in gender discrimination in jury selection] and any prejudice that has resulted." *Id.* at 1095. We review de novo the district court's determination that Windham failed to make the required demonstration upon hearing on remand. *See Clark v. Murphy,* 331 F.3d 1062, 1067 (9th Cir.2003).

We now affirm the denial of relief. Federal habeas review of Windham's defaulted claim is barred unless Windham shows "cause for the procedural default *and* actual prejudice," or that failure to consider his claim "will result in a fundamental miscarriage of justice." *Bennett v. Mueller,* 322 F.3d 573, 580 (9th Cir.2003) (emphasis added) (citing *Coleman v. Thompson,* 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991)). Because Windham fails to show "cause," we need not reach the question of prejudice.

Windham has not demonstrated cause for default because no "'objective factor external to the defense'" thwarted efforts to preserve his claim. *Poland v. Stewart,* 169 F.3d 573, 587 (9th Cir.1999) (quoting *Murray v. Carrier,* 477 U.S. 478, 488, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986)). Since defense counsel was surely aware of the gender of each prospective juror during the pretrial jury selection process, there is

---

\* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

no conceivable excuse for failing to preserve the claim that the prosecutor engaged in impermissible gender discrimination in jury selection.

We have considered Windham's assertion that failure to grant the requested habeas relief will result in a miscarriage of justice, and find it without merit.

**AFFIRMED.**