Richard H. **WALTERS**, Petitioner–
Appellant,

v.

John **IGNACIO**;  et al., Respondents–
Appellees.

No. 03–16917.

United States Court of Appeals,
Ninth Circuit.

Submitted May 10, 2004.*

Decided May 19, 2004.

Paul Turner, Esq., Defender's Office, Las Vegas, NV, for Petitioner–Appellant.

Robert E. Wieland, Office of the Attorney General, Reno, NV, for Respondents–Appellees.

Before: CANBY, KOZINSKI and PAEZ, Circuit Judges.

Fed. R.App. P. 34(a)(2).

## MEMORANDUM **

Nevada state prisoner Richard H. Walters appeals the district court's dismissal of his 28 U.S.C. § 2254 petition as second or successive.

Walters filed a § 2254 petition in 1995, raising a double jeopardy violation, which the district court dismissed as procedurally barred. In 2000, Walters filed another § 2254 petition, again raising the double jeopardy violation, and adding a claim of ineffective assistance of counsel. The district court dismissed this petition as second or successive, and granted the certificate of appealability. We have jurisdiction pursuant to 28 U.S.C. § 2253 and we affirm.

First, Walters contends that because his 1995 petition was improperly dismissed, his 2000 petition is not second or successive. Because Walters raises this contention for the first time on appeal, it is waived. See Poland v. Stewart, 169 F.3d 573, 576 n. 4 (9th Cir.1999).

Second, Walters contends that his ineffective assistance of counsel claim, contained only in his 2000 petition, is a "new" claim that was not cognizable when he filed his 1995 petition. We disagree. Walters' "new" claim does not fall within one of the narrow exceptions to 28 U.S.C. § 2244(b)(2). See Tyler v. Cain, 533 U.S. 656, 661–62, 121 S.Ct. 2478, 150 L.Ed.2d 632 (2001).

Finally, Walters contends that the district court erred in dismissing the petition rather than transferring it to this court under 28 U.S.C. § 1631 and requests this court to treat the petition as transferred. To the extent that Walters seeks authorization to file a second or successive 28 U.S.C. § 2254 habeas corpus petition in the district court, that request is denied as Walters has not made a prima facie showing necessary to satisfy the requirements of 28 U.S.C. § 2244(b)(2). No petition for rehearing of this denial of authorization to file a second or successive petition shall be filed or entertained. See 28 U.S.C. § 2244(b)(3)(E).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

