Jose Francisco NUNES, Petitioner–Appellant,

v.

John ASHCROFT, United States Attorney General, Respondent–Appellee.

No. 02–55613.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 7, 2003.*

Filed Nov. 3, 2003.

Amended July 8, 2004.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Federal Rule of Appellate Procedure 34(a)(2).

Sylvia Baiz, San Diego, CA, for the petitioner-appellant.

Marion E. Guyton, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for the respondent-appellee.

Before RYMER and TALLMAN, Circuit Judges, and LEIGHTON,** District Judge.

** Honorable Ronald B. Leighton, United States District Judge for the Western District of Washington, sitting by designation.

LEIGHTON, District Judge:

Jose Francisco Nunes appeals the district court's denial of his motion for reconsideration. We conclude that the district court did not abuse its discretion in denying the motion because Nunes did not present new evidence, identify a change in controlling law, or identify any clear error. Furthermore, the district court did not abuse its discretion when it failed to treat Nunes' motion as a request for leave to amend his habeas petition. The amendment requested asserts that Nunes should not be removed from the United States because his state burglary conviction does not constitute an aggravated felony under 8 U.S.C. § 1101(a)(43)(G). This amendment would be futile. The same issue was raised and resolved by this court when we decided that Nunes was an aggravated felon and that we lacked jurisdiction over his petition for direct review. Accordingly, we affirm the district court's denial of Nunes' motion for reconsideration.

### I.

Jose Francisco Nunes is a 38–year–old native and citizen of Portugal who immigrated to the United States in 1973. In 1998, Nunes was convicted of first degree burglary in violation of California Penal Code § 459, for which he was sentenced to confinement for four years, eight months. As a result of this conviction, the Immigration and Naturalization Service (INS) served Nunes a notice to appear charging him with removability under the Immigration and Nationality Act § 237(a)(2)(A)(iii) as an alien convicted of an aggravated felony as defined by INA § 101(a)(43)(G), 8 U.S.C. § 1101(a)(43)(G).

At the removal hearing, the immigration judge (IJ) concluded that Nunes' conviction constituted an aggravated felony and ordered him removed. Nunes appealed the removal order to the Board of Immigration Appeals (BIA), arguing that he did not commit a crime of violence and therefore did not commit an aggravated felony. The BIA affirmed the IJ's decision that Nunes was removable, finding that Nunes had been convicted of an aggravated felony because he committed a burglary or theft offense under § 101(a)(43)(G). Nunes appealed to this court, but we dismissed the appeal for lack of jurisdiction pursuant to 8 U.S.C. § 1252(a)(2)(C).

Nunes then sought habeas review of his removal order in federal district court, arguing once again that he is not an aggravated felon. The district court denied the habeas petition for "failure to state a claim," finding that Nunes' conviction for first degree burglary constituted an aggravated felony under 8 U.S.C. § 1101(a)(43)(G). The district court also denied Nunes' motion for reconsideration, holding that Nunes had failed to introduce new evidence, show clear error, or identify a change in controlling law.

Nunes now appeals the district court's denial of his motion for reconsideration.

### II.

■ The issue before us is whether the district court improperly denied appellant Nunes' motion for reconsideration of its dismissal of his habeas petition. We have jurisdiction under 28 U.S.C. § 2253 to review all appeals of final orders in habeas corpus proceedings. We review for abuse of discretion the denial of a motion for reconsideration. *Parkinson v. Commissioner*, 647 F.2d 875, 876 (9th Cir. 1981). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263

(9th Cir.1993), *cert. denied*, 512 U.S. 1236, 114 S.Ct. 2742, 129 L.Ed.2d 861 (1994).

■ In his motion for reconsideration, Nunes reasserted that his burglary conviction under California Penal Code § 459 does not constitute an aggravated felony under 8 U.S.C. § 1101(a)(43)(G). He also argued for the first time that his state conviction fatally failed to specifically charge him with having committed an "unlawful entry" in conjunction with the burglary. Therefore, Nunes argues, his conviction does not meet the generic definition of a burglary offense, and thus does not constitute an aggravated felony under 8 U.S.C. § 1101(a)(43)(G).[1]

The district court denied the motion, holding that Nunes failed to satisfy any of the factors we identified in *ACandS.* We agree with this conclusion. Nunes' motion merely reasserts his original contention that he is not an aggravated felon; it fails to present any new evidence, to identify a change in controlling law, or to identify any clear error.

However, Nunes argues in the instant appeal that the district court abused its discretion on other grounds; specifically, Nunes contends that the district court erred when it failed to treat his motion for reconsideration as a request for leave to amend his habeas petition. This contention is meritless.

■ We have held that "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Doe v. U.S.*, 58 F.3d 494, 497 (9th Cir.1995) (citation omitted). We have "repeatedly stressed that the court must remain guided by 'the underlying purpose of Rule 15 ... to facilitate decision on the merits, rather than on the pleadings or technicalities.'" *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir.2000) (en banc) (ellipsis in original) (quoting *Noll v. Carlson*, 809 F.2d 1446 (9th Cir.1987)). Nevertheless, we have noted that a district court does not "abuse its discretion in denying a motion to amend a complaint ... when the movant presented no new facts but only 'new theories' and 'provided no satisfactory explanation for his failure to fully develop his contentions originally.'" *Vincent v. Trend W. Technical Corp.*, 828 F.2d 563, 570–71 (9th Cir.1987) (quoting *Stein v. United Artists Corp.*, 691 F.2d 885 (9th Cir.1982)). In *Vincent*, we also cautioned against transforming "the court of appeals into a court of first instance by forcing it to make the initial determination as to whether the new theory would survive a motion to dismiss." *Id.* at 570.

■ In assessing the propriety of a motion for leave to amend, we consider five factors: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint. *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir.1995). Futility alone can justify the denial of a motion for leave to amend. *Id.*

Here, Nunes argues, as he has since appealing the IJ's decision to the BIA, that his burglary conviction does not constitute an aggravated felony under § 1101(a)(43)(G). The government re-

---

**1.** *See Taylor v. U.S.*, 495 U.S. 575, 602, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990) (holding that a state conviction constitutes an aggravated felony for purposes of sentence enhancement where the offense charged satisfies the generic definition of the crime); *U.S. v. Velasco-Medina*, 305 F.3d 839, 851 (9th Cir.2002) (holding that a conviction under a state statute justifies treating the offense as an aggravated felony where the statute accords with the generic definition of the offense).

sponds that we have already determined that Nunes' conviction constituted an aggravated felony when we dismissed his appeal of the BIA's decision, and that therefore res judicata precludes further judicial review of that claim. Accordingly, it argues that even if the district court had treated Nunes' motion for reconsideration as a request for leave to amend, that amendment should be denied because the doctrine of res judicata renders it futile.[2] We agree that amendment would be futile, but see no need to resort to the doctrine of res judicata.

This court has already determined that Nunes is an aggravated felon. When Nunes petitioned us for direct review of his removal order, we dismissed for lack of jurisdiction under 8 U.S.C. § 1252(a)(2)(C).[3] In ruling that we lacked jurisdiction, we were required to first determine whether Nunes' burglary offense qualified as a jurisdiction-stripping aggravated felony. In this situation, the jurisdictional question and the merits collapse into one. *See, e.g., Randhawa v. Ashcroft,* 298 F.3d 1148, 1152 (9th Cir.2002) (noting that in this situation the "jurisdictional question and the merits collapse into one.") (quoting *Ye v. INS,* 214 F.3d 1128, 1131 (9th Cir.2000)). As we explained in *Noriega–Lopez v. Ashcroft,* 335 F.3d 874, 880 (9th Cir.2003), "[a]nswering the question

whether a petitioner was indeed convicted of an aggravated felony and/or a controlled substance offense goes to the heart of our jurisdictional determination under 8 U.S.C. § 1252(a)(2)(C)." Consequently, when we decided that jurisdiction was lacking, we necessarily determined that Nunes' burglary conviction constituted an aggravated felony under § 1101(a)(43)—the very finding Nunes challenges in his habeas petition and raises again on appeal.

█ Clearly, we have already decided the issue against him. We join the Eighth Circuit in holding that this determination is binding. *Gavilan–Cuate v. Yetter,* 276 F.3d 418, 420 (8th Cir.2002). Like Nunes, the petitioner in *Gavilan–Cuate* had been found removable as an aggravated felon. He filed a petition for review, which the court of appeals dismissed for lack of jurisdiction under § 1252(a)(2)(C). Also like Nunes, Gavilan–Cuate then filed a petition for habeas corpus in the district court to relitigate the same question raised in the court of appeals—whether his prior conviction was an aggravated felony. The district court granted habeas relief. The Eighth Circuit reversed, explaining:

> In this case, our prior decision is conclusive. Though a jurisdictional determination is not usually binding on future proceedings, it is binding as to issues that are addressed by the Court in de-

---

**2.** Appellant's motion suffers several other infirmities as well. First, the only detail differentiating Nunes' new claim on reconsideration from the petition denied by the district court is the added element of "unlawful entry." Nunes has not explained why he failed to develop this contention below. Furthermore, the fact that the record before us does not include the judicially noticeable documents from which we could determine the merit of Nunes' new argument—the very documents that would have been available had Nunes raised this claim below—counsels us to heed our own advice in *Vincent* warning us against turning an appellate court into a court of first instance. Moreover, Nunes has intro-

duced no new facts, and does not argue that the district court's decision hinged upon pleading technicalities readily corrected by amendment.

**3.** 8 U.S.C. § 1252(a)(2)(C) reads, in pertinent part: "Notwithstanding any other provision of law, no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed" an aggravated felony. INA § 242(a)(2)(C), 8 U.S.C. § 1252(a)(2)(C); *see also Ye v. INS,* 214 F.3d 1128, 1131 (9th Cir.2000).

termining the jurisdictional question.... We dismissed Gavilan–Cuate's appeal because we lacked jurisdiction to review final orders of removal against aliens convicted of aggravated felonies. Because our dismissal was premised on the fact that Gavilan–Cuate was convicted of an aggravated felony, that decision is binding on this proceeding.

*Id.* at 420.[4]

■ Similarly here, the issue of whether Nunes is an aggravated felon was raised and resolved in deciding the jurisdictional question. Accordingly, even if the district court did treat Nunes' motion to reconsider as a request for leave to amend, the request would necessarily have been denied as futile.

■ Nunes argues that he should nevertheless be able to pursue a due process claim based on ineligibility for cancellation of removal, a claim that he contends was never adjudicated. District courts do not lack jurisdiction to consider on habeas review challenges to an order of removal over which the court of appeals lacked jurisdiction on direct review. *See, e.g., INS v. St. Cyr,* 533 U.S. 289, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001); *Calcano–Martinez v. INS,* 533 U.S. 348, 121 S.Ct. 2268, 150 L.Ed.2d 392 (2001); *Noriega–Lopez,* 335 F.3d at 880; *Chang v. INS,* 307 F.3d 1185, 1188 & n. 1 (9th Cir.2002). However, we decline to consider the import of this issue in this case because it was raised for the first time in reply and is accompanied by no meaningful argument. *Smith v. Marsh,* 194 F.3d 1045, 1052 (9th Cir.1999).

Although we hold that Nunes may not relitigate in district court our decision that he is an aggravated felon, we reiterate that the statutory habeas remedy available under 28 U.S.C. § 2241 survived the jurisdiction-stripping provisions of IIRIRA. *Cruz–Aguilera v. INS,* 245 F.3d 1070, 1073 (9th Cir.2001); *see also Chang,* 307 F.3d at 1188 n. 1. All that we hold here is that the mere availability of habeas review cannot breathe new life into an issue that was raised and resolved by this court on direct review.

### III.

The district court did not abuse its discretion when it denied Nunes' motion for reconsideration. Nunes failed to introduce new evidence, show a change in controlling law, or show that the district court committed clear error when it dismissed his habeas petition. Furthermore, his argument that the district court abused its discretion when it failed to treat his motion for reconsideration as a request for leave to amend his habeas petition fails because such amendment would have been futile.

AFFIRMED.

---

4. The Fifth Circuit expressed a similar view in *Santos v. Reno,* 228 F.3d 591 (5th Cir.2000), albeit in the context of applying a provision of the transitional rules, 8 U.S.C. § 1105a(c), that has since been repealed.