**Joe SANCHEZ, Petitioner–Appellant,**

v.

**John ASHCROFT, Attorney General,
et al., Respondents–Appellees.**

No. 02–16265.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 9, 2004.

Decided July 13, 2004.

Greg S. Como, Esq., Christopher T. Pierson, Lewis & Roca, LLP, Phoenix, AZ, for Petitioner–Appellant.

Linda S. Wendtland, Esq., Ann Carroll Varnon, Esq., Thankful T. Vanderstar, DOJ—U.S. Department of Justice, Washington, DC, for Respondents–Appellees.

Before: RYMER, HAWKINS, and BYBEE, Circuit Judges.

MEMORANDUM *

Joe Sanchez appeals the denial of his habeas corpus petition, which challenged his status as an aggravated felon removable pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii). The district court adopted the magistrate judge's report and recommendation that Sanchez's conviction for the receipt of stolen property pursuant to CAL.PENAL CODE § 496(a) (1996) constituted a "theft offense" aggravated felony within the meaning of 8 U.S.C. § 101(a)(43)(G). We review de novo the district court's denial of Sanchez's habeas corpus petition and affirm. *Nunes v. Ashcroft,* 2004 WL 1516778 (9th Cir.2004).

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Sanchez was ineligible for § 212(c) relief pursuant to *INS v. St. Cyr*, 533 U.S. 289, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001). As in *United States v. Velasco–Medina*, 305 F.3d 839 (9th Cir.2002), Sanchez pled guilty after § 440(d) of the Antiterrorism and Effective Death Penalty Act ("AEDPA") foreclosed § 212(c) relief for lawful permanent residents convicted of aggravated felonies, and before the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA") expanded the definition of aggravated felony. Sanchez "would have realized that if his conviction were recharacterized as an aggravated felony (as, in fact, it was by IIRIRA), he would have, under AEDPA, been ineligible for discretionary relief under § 212(c)." *Id.* at 850. Therefore, "AEDPA provided [Sanchez] with fair notice that discretionary relief under § 212(c) would be unavailable in the event his conviction was reclassified as an aggravated felony," and IIRIRA's repeal of § 212(c) relief was not impermissibly retroactive. *Id.* Moreover, at the time of Sanchez's conviction, Congress had passed IIRIRA, although it was not yet in effect. When Sanchez violated his probation in 1999, and was sentenced to more than one year imprisonment, he knew that he would be ineligible for § 212(c) relief as an aggravated felon.

AFFIRMED.