Juan Manuel JUAREZ–GARCIA,
Petitioner—Appellant,

v.

John ASHCROFT, Attorney General,
Respondent—Appellee.

No. 03–16437.

D.C. No. CV–01–00542–FJM.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 13, 2004.*

Decided Sept. 27, 2004.

———

Juan Manuel Juarez–Garcia, Eloy, AZ, pro se.

Cynthia M. Parsons, US Attorney's Office, Phoenix, AZ, for Respondent–Appellee.

Before PREGERSON, T.G. NELSON and GRABER, Circuit Judges.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Juan Manuel Juarez–Garcia, a native and citizen of Mexico, appeals pro se the district court's denial of his 28 U.S.C. § 2241 habeas corpus petition. We have jurisdiction under 28 U.S.C. § 2253, we review de novo, *see Singh v. Ashcroft,* 351 F.3d 435, 438 (9th Cir.2003), and we affirm.

First, Juarez–Garcia contends that his Notice to Appear was legally insufficient to confer jurisdiction on the immigration courts because it did not delineate which of the 21 possible categories of aggravated felonies listed at 8 U.S.C. § 1101(a)(43) was the basis for removal and it did not state the time and place of the removal hearing. We disagree.

Juarez–Garcia's first contention is belied by the fact that the Notice to Appear stated the exact aggravated felony conviction which formed the basis for the notice. Even assuming error, he has not demonstrated any prejudice by the omissions in the notice to appear. *See Baires v. INS,* 856 F.2d 89, 91 (9th Cir.1988) (requiring a showing of prejudice to overturn a deportation order based on a violation of statutory procedural rights).

Next, contrary to Juarez–Garcia's contention, he cannot demonstrate that his right to due process was violated by the allegedly deficient Notice to Appear. Juarez–Garcia was present and represented by counsel at each of his immigration hearings. *See Larita–Martinez v. INS,* 220 F.3d 1092, 1095 (9th Cir.2000) (stating that to prevail on a due process challenge to deportation proceedings, an alien must show error and substantial prejudice).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Likewise, we are unpersuaded by his mere allegations of an equal protection violation. *See McQueary v. Blodgett,* 924 F.2d 829, 835 (9th Cir.1991) (stating that an equal protection challenge must allege facts establishing that the challenged law was applied unevenly in a systematic manner and that the person was treated differently because he is a member of a particular class).

Finally, this court's prior dismissal of Juarez–Garcia's petition for review precludes further analysis of whether his prior conviction was an aggravated felony. *See Nunes v. Ashcroft,* 375 F.3d 805, 809–10 (9th Cir.2004).

AFFIRMED.[1]

---

1. We decline to address Juarez–Garcia's ineffective assistance of counsel claim because this issue was not properly raised in his habeas petition to the district court. *See Poland v.* *Stewart,* 169 F.3d 573, 583 n. 4 (9th Cir.1999) (stating that issues not raised in district court are waived and cannot be presented to this court).