**Amadeo Efrain DONADO, Petitioner— Appellant,**

v.

**John ASHCROFT, Attorney General; et al., Respondents—Appellees.**

No. 03–16854.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Dec. 9, 2004.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

Amadeo Efrain Donado, Eloy, AZ, pro se.

** This disposition is not appropriate for publication and may not be cited to or by the

Cynthia M. Parsons, Phoenix, AZ, for Respondents–Appellees.

Before: GOODWIN, WALLACE and TROTT, Circuit Judges.

## MEMORANDUM **

Amadeo Efrain Donado, a lawful permanent resident and a native and citizen of El Salvador, appeals pro se the district court's judgment denying his 28 U.S.C. § 2241 habeas petition challenging the Board of Immigration Appeals' order finding him removable because of his aggravated felony conviction. We have jurisdiction pursuant to 28 U.S.C. § 2253, we review de novo, *see Singh v. Ashcroft*, 351 F.3d 435, 438 (9th Cir.2003), and we affirm.

Donado contends that he is not removable as an aggravated felon. This court's October 22, 2001 order dismissing Donado's petition for review, however, precludes him from relitigating whether he is an aggravated felon for the purpose of removal proceedings. *Nunes v. Ashcroft*, 375 F.3d 805, 809–810 (9th Cir.2004).

Donado also contends that the length of his detention is unlawful. This contention fails because Donado has not demonstrated that there is "no significant likelihood of [his] removal in the reasonably foreseeable future." *See Zadvydas v. Davis*, 533 U.S. 678, 701, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001).

Finally, the district court correctly found that Donado is statutorily ineligible for cancellation of removal due to his con-

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

viction for an aggravated felony. *See* 8 U.S.C. § 1229b(a); *Toro–Romero v. Ashcroft,* 382 F.3d 930, 932 n. 2 (9th Cir.2004).

■ We decline to address Donado's ineffective assistance of counsel and naturalization claims, as well as any additional claims he may have raised in his opening brief, because these issues were not properly raised in his habeas petition to the district court. *See Poland v. Stewart,* 169 F.3d 573, 583 n. 4 (9th Cir.1999).

The Clerk shall file the motion for appointment of pro bono counsel received on March 19, 2004, and the motion is denied.

AFFIRMED.