**ALOE VERA OF AMERICA, INC., et al., Plaintiffs,**

v.

**UNITED STATES OF AMERICA, Defendant.**

No. CV 99–1794–PHX–JAT.

United States District Court,
D. Arizona.

Feb. 1, 2005.

Edwin B. Wainscott, Esq., Quarles & Brady Streich Lang LLP, Terence Dale Woolston, Esq., Tim A. Tarter, Woolston & Tarter PC, Stephanie Lynn Samuelson, Morrill & Aronson PLC, Merwin D. Grant, Esq., Kenneth B. Vaughn, Esq., Grant & Vaughn PC, Phoenix, AZ, for Plaintiffs.

Gerald A. Role, Esq., Jennifer L. Vozne, US Dept. of Justice, Tax Division, Christopher R. Zaetta, Hogan & Hartson LLP, Melissa A. Holton, David M. Katinsky, Isaac D. Paxman, US Dept. of Justice, Washington, DC, Paul Kipp Charlton, Esq., US Attorney's Office, Phoenix, AZ, for Defendant.

David Jeremy Bodney, Esq., Peter Shawn Kozinets, Steptoe & Johnson LLP, Phoenix, AZ, Michael Kovaka, Dow Lohnes & Albertson PLLC, Washington, DC, for Intervenors.

### ORDER

TEILBORG, District Judge.

Pending before this Court is Plaintiffs' Motion for Leave to File Third Amended Complaint. (Doc. # 378) The Court has considered the motion, response, and reply and rules as follows.[1]

## I. FACTUAL AND PROCEDURAL HISTORY

Plaintiffs filed their original complaint on October 6, 1999, alleging that the United States Internal Revenue Service ("IRS") disclosed both true and false tax information to the Japanese National Tax Administration ("NTA") without legal authorization. (Doc. # 1) Plaintiffs filed their First Amended Complaint in October of 2000, with changes primarily addressing statute of limitations issues. (Doc. # 27) Plaintiffs filed their Second Amended Complaint on December 17, 2001, in response to Defendant's assertion that Count I of Plaintiffs' complaint failed to state a claim. (Doc # 118) Plaintiffs now seek to amend their complaint for a third time. (Doc. # 378, filed August 27, 2004) Defendant opposes Plaintiffs' motion to amend. (Doc. # 379)

## II. DISCUSSION

Plaintiffs assert that their third amended complaint would serve three purposes: (1) to make "significant corrections, clarifications, and narrowing of allegations regarding the timing and extent of Plaintiffs' knowledge of disclosures" from the IRS to the NTA (relating to Count II); (2) to revise and narrow false statement allegations under Count I; and (3) to "formally plead[ ] Count Three, the Double Tax Claim." (Doc. # 378 at 3–4).

With respect to the proposed changes to revise and narrow the false statement allegations under Count I, Defendant does not appear to object to such changes; therefore, the amendment to Count I will be permitted. With respect to the proposed amendments to Counts II and III, Plaintiffs seek to make two changes in their third amended complaint. First, Plaintiffs have modified their statute of limitations allegations. Second, Plaintiffs added Count III, alleging that the IRS intentionally sought to double tax Plain-

---

1. Though oral argument was requested on the Motion, because both the parties submitted memoranda discussing the law and evidence in support of their positions and oral argument would not have aided the Court's decisional process, the Court will not set oral argument. *See e.g., Partridge v. Reich,* 141 F.3d 920, 926 (9th Cir.1998); *Lake at Las Vegas Investors Group, Inc. v. Pacific. Dev. Malibu Corp.,* 933 F.2d 724, 729 (9th Cir. 1991).

tiffs in contravention of the U.S.-Japan treaty. Defendant opposes the amendments to both Counts II and III.

With respect to the amendment to Counts II and III, Defendant argues that the third amended complaint is problematic because: (1) it is offered too late in litigation; (2) it represents a radical change in the theory of the case is an attempt to mitigate Plaintiffs' failure to follow due diligence in drafting earlier complaints; (3) it includes a new claim in count three that is based upon facts known to Plaintiffs from the beginning but withheld until now, presumably for strategic purposes; and (4) the proposed third count is "futile as a proposition of law" and would prejudice Defendant's ability to defend. (Doc. # 379 at 1–2)

### A. Legal Standard

■ Leave to amend, "shall be freely given when justice so requires." FED.R.CIV. PRO 15(a). Courts apply this policy with extreme liberality. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir.1987). The underlying purpose and policy of Rule 15 is to "facilitate decision on the merits, rather than on the pleadings or technicalities." *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir.2004) (citations removed).

■ Whether to grant a motion to amend depends on the following five factors: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the movant has previously amended its complaint. *See Nunes*, 375 F.3d at 808; *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir.2004). In the Ninth Circuit, the most important of these factors is prejudice to the opposing party. *United States v. Pend Oreille Public Utility Dist., No. 1*, 926 F.2d 1502, 1511 (9th Cir.1991). The party opposing amendment bears the burden of showing prejudice. *DCD Programs, Ltd.*, 833 F.2d at 187.

### B. Analysis

#### 1. Statute of Limitations ("SOL") Allegations—Amendment of Count II

Defendant argues that "plaintiffs have endeavored to evade [SOL issues] by radically reformulating their complaint." Unlike earlier complaints, in their proposed Third Amended Complaint, Plaintiffs include no references to widespread knowledge about NTA leaks. Defendant also notes that Plaintiffs have removed allegations that were contradicted by deposition testimony of Rjay Lloyd. (Doc. # 379 at 6)

■ These changes most directly affect Count II: IRS Unauthorized Disclosure to NTA—An Insecure Recipient. Defendant asserts that this claim would have been known to Plaintiffs when Plaintiffs knew that 1) the IRS made disclosures (of Plaintiffs' tax information) to the NTA and 2) the IRS knew the NTA was an insecure recipient. In the first three complaints, Plaintiffs alleged that NTA leaks were common knowledge. Although this allegation supports Count II, it also impliedly imputes knowledge to Plaintiffs that the NTA leaked tax information. Additionally, Lloyd, then director of Aloe Vera of America ("AVA"), testified that he was notified in August of 1996 that the IRS was planning to engage in simultaneous examination. This combination could potentially create a statute of limitations bar to Claim II, as the disclosure of the simultaneous examination occurred more than two years before Plaintiffs filed their complaint. As a result, Plaintiffs seek to change their complaint to allege more specifically that it was common knowledge *to the IRS* at the time of disclosure that the NTA would not treat return information in accordance with the secrecy mandated by treaty.

Plaintiffs assert that this change results from research, due diligence, and discovery. Plaintiffs allege that only the IRS, the NTA, and affected taxpayers would have known about possible leaks when Lloyd was contacted. Plaintiffs further allege that they became aware of their cause of action in October of 1997 when their own tax information was leaked by NTA. Defendant argues that these changes constitute bad faith and would be prejudicial if permitted. Plaintiffs assert that they are correcting factual inaccuracies present in previous complaints.

The Court finds that it is because of evidence that has come out in discovery that

Plaintiffs need to amend this Count of the complaint. Thus, the Court finds that Plaintiffs have not acted in bad faith. Next, the Court finds that the IRS's alleged knowledge about the potential leaks has always been a key fact in this litigation; therefore, Defendant is not prejudiced by having to defend against it. Additionally, because the IRS's alleged knowledge about the potential leaks has always been a key fact in this litigation the Court finds that there should not be any delay in the litigation as a result of the parties needing to take discovery on this issue. Also, the Court finds that because this amendment merely limits the universe of individuals alleged to have knowledge of the potential leaks, it does not change the substance of the claim; therefore, the amendment is not futile. Finally, the Court acknowledges that the fact that Plaintiffs have twice amended the complaint weighs against allowing a third amendment. However, because the discovery that has lead to the need to seek this amendment occurred after the second amended complaint was filed, the Court will allow this claim to be amended.

The Court acknowledges that the changes to Count II could affect the statute of limitations issue. However, when Plaintiffs *knew* about potential leaks of taxpayer information (of taxpayers other than themselves) can be learned through discovery. Thus, while Plaintiffs can allege in the (third amended) complaint that such leaks were known only to the IRS, Defendant may still be able to raise a statute of limitations defense if Defendant can show Plaintiffs were aware of such leaks, even if the complaint alleges otherwise.[2] Therefore, allowing this amendment to the complaint does not preclude the statute of limitations defense. Accordingly, the Court will not treat the previous version of the complaint as an admission and will allow Plaintiffs to amend Count II. In other words, the Court finds that the amendment to Count II is more in the nature of amending the pleadings to conform to the evidence thus far elicited in discovery, which the Court will allow.

---

**2.** To avoid any potential prejudice to Defendant, to the extent Plaintiffs being allow to clarify this claim causes the Defendant to need to re-depose any witness of Plaintiffs, Defendant may proceed

### 2. Addition of Count III

As indicated above, Defendant also opposes the addition of Count III in the proposed Third Amended Complaint. Defendant argues that all 5 factors that the Court considers in determining when to allow an amendment weigh against allowing this additional count. Plaintiffs argue that Defendant has known about the facts surrounding this proposed count from the beginning based on the allegations in the original complaint.

■ Specifically, the original complaint includes specific allegations that the IRS Simultaneous Examination Plan intentionally and improperly attempted to impose double taxation in contravention of the treaty. (Doc. # 1 at ¶¶ 22, 27, 28, 32, 33, 37) Also, the Revised Joint Case Management Plan sets forth, as "Facts in Dispute" that the IRS ignored transfer pricing analysis and proposed a flawed plan to double tax Aloe Vera of America ("AVA") in contravention of the U.S.-Japan treaty. (Doc. # 81 at 17 ¶¶ 20–25).

### Bad Faith

Defendant argues that Plaintiffs are acting in bad faith in attempting to amend the complaint to add a new cause of action this late in the litigation. At the point the motion was filed, the case had been pending almost five years. Moreover, as evidenced by the factual allegations in the original complaint, Plaintiffs were aware of the facts supporting this theory of liability from the beginning. Further, Plaintiffs counsel wrote a letter to defense counsel about these proposed amendments in November of 2003, but did not file the motion until August of 2004.

During the period from when the second amended complaint was filed (2001) until when the motion for leave to file the third amended complaint was file (2004), the parties completed the deposition of 12 of 13 of Defendant's witnesses. Defendant argues that because no newly discovered facts

with such re-deposition on this limited issue and may move to have all costs of such re-deposition paid by Plaintiffs.

caused Plaintiffs to seek to amend, the fact that Plaintiffs waited until these depositions were completed to seek leave to amend shows that Plaintiffs were acting in bad faith. The Court agrees. Plaintiffs have shown no reason why they could not have at least sought leave to amend before taking the depositions of the majority of Defendant's witnesses other than to gain an unfair litigation advantage. Therefore, the bad faith prong weighs against allowing the amendment.

*Undue Delay*

This case have been pending over 5 years largely because of the complexities of completing international discovery. However, nothing has prevented the parties from making substantial progress with domestic discovery as evidenced by the fact that the depositions of 12 of 13 of Defendant's witnesses have been completed. To allow Plaintiffs to add a claim at this point would necessarily require additional discovery as to this theory of liability. Because the parties have completed so much domestic discovery and because the Court has already issued the letters rogatory for the international discovery (a process which has taken years) the Court will not allow either portions of discovery to be prolonged (or to need to be redone) by the addition of an additional claim. Therefore, the undue delay prong weighs against allowing the amendment.

*Prejudice*

Defendant states that it would be prejudiced if Plaintiffs were allowed to plead Count III because 12 of 13 of its witnesses were asked questions about double taxation during depositions; and, had Defendant known about the existence of Count III, it would have prepared its witnesses differently; Defendant would not have thought that Plaintiffs were asking "irrelevant questions."

Similar to the bad faith analysis, the Court finds that because so much of the national discovery of Defendant's witnesses has been completed, it would be prejudicial for Defendant to now learn of a new theory of liability to which such discovery was directed. The Court is persuaded that Defendant would have prepared its witnesses differently had it know of this claim such that the witnesses could have clarified or elaborated on certain answers, unlike now where any such clarification or elaboration months after the fact might make the witness look less credible. Therefore, the Court finds that Defendant would be prejudiced by allowing the amendment at this time.

*Futility of Count III*

This Court might also deny leave to amend where it finds amendment futile. *See Nunes,* 375 F.3d at 808. Futility exists where there is a tenuous legal basis for a cause of action. *See Lockheed Martin Corp. v. Network Solutions, Inc.,* 194 F.3d 980, 986 (9th Cir.1999). Defendant argues that Count Three is futile due to sovereign immunity under the terms of 26 U.S.C. § 7431 and the U.S.-Japan treaty.

Neither party has cited a case in which a Court either allowed such a theory of liability to go forward, or dismissed a case because such a claim was barred as a matter of law. Thus, it is possible that such a claim is impermissible. However, because, without reaching futility, the Court has concluded that four out of the five factors weigh against allowing the amendment, including the most important factor, which is prejudice, the Court will deny the motion to amend without relying on Defendant's argument that such an amendment would be futile.

*Previous opportunities to amend*

A district court's discretion to permit or deny amendment of a complaint is "particularly broad" where it has permitted prior amendments. *Chodos v. West Publishing Co.,* 292 F.3d 992, 1003 (9th Cir.2002) (*quoting Griggs v. Pace Am. Group, Inc.,* 170 F.3d 877, 879 (9th Cir.1999)). In this case, Plaintiffs have twice previously amended their complaint. Additionally, the proposed amendment does not offer any newly discovered facts unknown to the Plaintiffs at the time of the prior two amendments. Therefore, this factor weighs against allowing a third amendment to add another theory of liability from the same set of facts.

Moreover, as the futility of amendment section discusses, Defendant does not concede that the theory offered in Count III is a

viable cause of action. As a result, the fact that Defendant was "on notice" of the facts is not a basis for failing to allege this theory of liability before engaging is such a large amount of discovery because it would be impossible for Defendant to know it was defending a theory of liability that Plaintiffs did not plead in the complaint and Defendant claims does not exist.

## III. CONCLUSION

Based on the foregoing, the Court will allow Plaintiffs to amend the complaint to 1) delete four of the five false statement allegations made in Count I (per pages 2–3 of Plaintiffs' motion) and 2) to amend Count II to "clarify" that the alleged widespread knowledge of NTA leaks was limited to knowledge within the IRS and not to Plaintiffs themselves. All other attempted amendments to the complaint will be denied.

Specifically, as discussed above, Plaintiffs cannot add a Count III double taxation claim. Additionally, Defendant notes that the proposed Third Amended Complaint is 11 pages and 71 paragraphs longer than the Second Amended Complaint. The Court, like the Defendant, has not done a line by line comparison between the second and third amended complaints in an effort to determine what these 71 paragraphs add. Plaintiffs have only sought to: 1) delete allegations from Count I; 2) limit the individuals with alleged knowledge to the IRS in Count II; and 3) add Count III. To the extent any of the 71 paragraphs do *anything* beyond what Plaintiffs have moved to do, such request to add those 71 paragraphs is denied. Also, as discussed above, the request add Count III is denied. Therefore, Plaintiffs shall file a Third Amended Complaint consistent with the terms of this Order. Plaintiffs shall also send Defendant a copy of the filed Third Amended Complaint redlined against the Second Amended Complaint, so Defendant can verify that all amendments are consistent with the terms of this Order.

Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion for Leave to File Third Amended Complaint (Doc. # 378) is **GRANTED** to the limited extent provided herein;

**IT IS FURTHER ORDERED** that Plaintiffs shall file the Third Amended Complaint within fifteen days of this Order; and

**IT IS FURTHER ORDERED** that Plaintiffs shall forward Defendant the redlined version of the Third Amended Complaint, as required above, within fifteen days of this Order.