**David Isaac MAIMON, Plaintiff–Appellant,**

v.

**Diane REA; et al., Defendants–Appellees.**

No. 03–35338.

United States Court of Appeals, Ninth Circuit.

Submitted March 23, 2005.*

Decided April 4, 2005.

David Isaac Maimon, Salem, OR, pro se.

Denise G. Fjordbeck, Esq., Leonard W. Williamson, Esq., Office of the Oregon Attorney General, Salem, OR, for Defendants–Appellees.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: B. FLETCHER, TROTT, and PAEZ, Circuit Judges.

MEMORANDUM **

David Isaac Maimon, an Oregon state prisoner, appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 action challenging various state parole procedures and the denial of sex offender treatment. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo a dismissal for failure to state a claim. *See Kruso v. ITT Corp.*, 872 F.2d 1416, 1421 (9th Cir.1989). We review for abuse of discretion the denial of a motion for leave to amend. *See Brother Records, Inc. v. Jardine*, 318 F.3d 900, 911 (9th Cir.2003). We vacate and remand in part and affirm in part.

■ Maimon's complaint contained six section 1983 claims, the first five of which alleged the use of improper procedures in the parole process. The district court held that these claims were not adjudicable under section 1983 because they sought habeas corpus relief. We vacate the district court's order with respect to Maimon's first five claims and remand in light of *Wilkinson v. Dotson*, — U.S. ——, 125 S.Ct. 1242, 161 L.Ed.2d 253 (2005) (holding that state prisoners may bring a section 1983 action to challenge the constitutionality of state parole procedures, and are not required to seek relief exclusively under the federal habeas corpus statutes).

■ Maimon's sixth claim asserts that defendants' denial of sex offender treatment deprived him of a statutorily prescribed, constitutionally protected liberty interest. The district court correctly held that Maimon's claim was not cognizable under section 1983 because he has no liberty interest in such treatment. *See Balla*

*v. Idaho State Bd. of Corrections*, 869 F.2d 461, 470 (9th Cir.1989).

We find no error in the district court's denial of Maimon's motion for leave to amend. *See Nunes v. Ashcroft*, 375 F.3d 805, 808–09 (9th Cir.2004).

Maimon's remaining contentions are unpersuasive.

Each party shall bear its own costs on appeal.

VACATED and REMANDED in part; AFFIRMED in part.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.