MEMORANDUM ***
Petitioner Antonio Ramos petitions for review of the Board of Immigration Appeals’ (“BIA”) decision affirming the Immigration Judge’s (“IJ”) finding that Ramos is removable as an aggravated felon and is ineligible for an INA § 212(h), 8 U.S.C. § 1182(h), waiver. Ramos also petitions for review of the BIA’s denial of his motion to reopen. We have jurisdiction pursuant to 8 U.S.C. § 1252(a)(1), and we deny the petition.
In dismissing for lack of jurisdiction Ramos’s prior petitions for review, Nos. OB-73335 & 04-74002, this court necessarily found that Ramos’s conviction under California Penal Code § 273.5 constituted an aggravated felony. This determination is binding, and Ramos is precluded from re-litigating this issue. See Nunes v. Ashcroft, 375 F.3d 805, 809-10 (9th Cir.2004). Although issue preclusion may not apply where a petitioner can “identify a change in controlling law,” see id. at 808, Ramos’s reliance on United States v. Corona-Sanchez, 291 F.3d 1201 (9th Cir.2002) (en banc), is misplaced. Corona-Sanchez was decided prior to this court’s dismissal of his previous petitions, and thus cannot qualify as a “change in controlling law.”
Ramos’s contention that the waiver provision of INA § 212(h), 8 U.S.C. § 1182(h), violates the Equal Protection Clause is foreclosed by Taniguchi v. Schultz, which held “that a rational basis does exist for denying the § 212(h) waiver to aggravated felon LPRs but not to other aliens.” 303 F.3d 950, 957 (9th Cir.2002).
DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.