**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HANG NAM YOON,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 05-74544<br><br>Agency No. A035-138-732<br><br>MEMORANDUM* |

On Petition for Review of an Order of the Board of Immigration Appeals

Submitted April 14, 2010**
San Francisco, California

Before: KOZINSKI, Chief Judge, CALLAHAN, Circuit Judge, and MARTINEZ,
District Judge.***

---

    \*    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    \*\*    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

    \*\*\*    The Honorable Ricardo S. Martinez, United States District Judge for
the Western District of Washington, sitting by designation.

Hang Nam Yoon ("Yoon"), a citizen of South Korea, brings this second petition for review of the Board of Immigration Appeals' ("BIA") August 2004 order of removal, which deemed Yoon removable under INA § 237(a)(2)(A)(iii) based on an aggravated felony conviction.[1] This court already decided in *Yoon v. Gonzales*, Case No. 04-74307, that Yoon's conviction constitutes an aggravated felony, and consequently that the BIA's removal order was valid, when it dismissed Yoon's first petition for review for lack of jurisdiction. Because Yoon could have presented his arguments concerning the effect of *Leocal v. Ashcroft*, 543 U.S. 1 (2004), in his first petition, which was decided more than two months prior to this court's dismissal of that petition, the present petition does not present grounds that could not have been presented in the prior judicial proceeding.[2] Nor has Yoon shown that the prior proceeding was inadequate or ineffective to test the validity of the BIA's order. Accordingly, we lack jurisdiction to review Yoon's second petition. 8 U.S.C. § 1252(d)(2); *see Nunes v. Ashcroft*, 375 F.3d 805, 809-10 (9th Cir. 2003).

---

[1]We deny Yoon's motion to file a late reply brief.

[2]Although Yoon argues that *Fernandez-Ruiz v. Gonzales*, 466 F.3d 1121 (9th Cir. 2006) (en banc), represented a change in controlling law, *Fernandez-Ruiz* merely applied the Supreme Court's decision in *Leocal*. Thus, petitioner's arguments were available as soon as *Leocal* was decided and could have been presented in his prior petition for review.

2

**PETITION DISMISSED.**