FILED

OCT 20 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DANNIE A. GUERRERO and TRACEY POUEU-GUERRERO, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> GREENPOINT MORTGAGE FUNDING, INC.; et al., <br><br> Defendants - Appellees. | No. 10-15333 <br><br> D.C. No. 3:09-cv-04211-JL <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
James Larson, Magistrate Judge, Presiding

Submitted October 7, 2010[**]
San Francisco, California

Before: KLEINFELD and GRABER, Circuit Judges, and CARNEY, District
Judge.[***]

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Cormac J. Carney, United States District Court for the
Central District of California, sitting by designation.

Dannie A. Guerrero and Tracey Poueu-Guerrero appeal from the district court's granting of a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss for failure to state a claim on their twenty-one claim complaint. The Guerreros also appeal the district court's dismissal of their complaint against Financial Company of America, which was not served and did not appear below; their request for leave to amend, which was unsupported by any facts they alleged they would have pled upon leave of the court; and their motion to remand the state claims to state court, when the district court found their state claims either waived or meritless. We affirm.

The Guerreros waived twelve of their twenty-one claims in their complaint by omitting them from their appellate brief. Indep. Towers of Wash. v. Washington, 350 F.3d 925, 929 (9th Cir. 2003). Of the remaining nine claims, their claims of fraud and constructive fraud fail for insufficient pleading under Federal Rule of Civil Procedure 9(b). Claim five, for reformation, fails for insufficient pleading under Rule 9(b) and, in addition, because the sale of the property extinguished any reformation remedy available to the Guerreros. Cal. Civil Code § 2910. Their claims of unfair competition and violation of California Civil Code § 1788.17 fail for insufficient pleading after Bell Atlantic Corp. v.

Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009). Their claims for a violation of the Truth in Lending Act and for rescission are untimely. 15 U.S.C. § 1635(f). Finally, because the Guerreros fail to state a substantive claim upon which relief can be granted, their remedial claim for declaratory relief is moot.

The Guerreros lacked standing to bring a claim for "wrongful foreclosure," because they failed to allege actual, full, and unambiguous tender of the debt owed on the mortgage. Karlsen v. Am. Sav. & Loan Ass'n, 92 Cal. Rptr. 851, 856-57 (Ct. App. 1971). Even if they had standing, they have not pleaded any facts to rebut the unbroken chain of title or the trustee's power to foreclose on the property in event of default. Cal. Civ. Code § 2924(a).

The district court did not err in dismissing the Guerreros's complaint against Financial Company of America. A court may dismiss claims without appearance by a defendant based on facts presented by other defendants who have appeared. Abagninin v. AMVAC Chem. Corp., 545 F.3d 733, 742-43 (9th Cir. 2008). Greenpoint and Aurora argued sufficient facts and highlighted sufficient

deficiencies in the Guerreros's complaint that the district court did not err in dismissing the claims as to Financial Company of America as well.

The district court did not abuse its discretion by dismissing the Guerreros's state law claims rather than remanding to state court. The district court had jurisdiction over the case under 28 U.S.C. § 1331 because the complaint raised numerous federal law issues, and had supplemental jurisdiction under 28 U.S.C. § 1367 over the related state law issues, which arose from the same transaction and occurrence as the federal law issues. It was not an abuse of discretion for the district court, after taking into account concerns of judicial efficiency and comity, to retain jurisdiction over the state law claims and decide their merit. Brady v. Brown, 51 F.3d 810, 816 (9th Cir. 1995).

Finally, it was not an abuse of discretion for the district court to deny the Guerreros's motion for leave to amend their complaint. The Guerreros have failed to present any evidence that amendment would not be futile. They have "presented no new facts but only new theories and provided no satisfactory explanation for his failure to fully develop his contentions originally." Nunes v. Ashcroft, 375 F.3d 805, 808 (9th Cir. 2004) (internal quotation marks omitted). They did not lodge a

proposed amended complaint or otherwise show what they would have pleaded to cure the deficiencies. Thus, it was not an abuse of discretion to deny leave to amend.

AFFIRMED.