NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DONALD HIXON,

              Plaintiff - Appellant,

  v.

NEVADA DEPARTMENT OF
CORRECTIONS; PAUL HERMAN
CHAFFEE,

              Defendants - Appellees.

No. 09-16979

D.C. No. 2:07-cv-01150-PMP-RJJ

MEMORANDUM*

Appeal from the United States District Court
for the District of Nevada
Philip M. Pro, District Judge, Presiding

Argued and Submitted December 8, 2010
San Francisco, California

Before: HUG, D.W. NELSON and McKEOWN, Circuit Judges.

Nevada state prisoner Donald Hixon appeals the district court's denial of his

motion to reconsider its grant of summary judgment in favor of the Nevada

Department of Corrections ("NDOC") and Paul Herman Chaffee in his 42 U.S.C. §

      *    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

1983 action asserting that prison officials used excessive force against him. This court has jurisdiction under 28 U.S.C. § 1291 because a final judgment was entered for defendants and against plaintiff on July 8, 2009.

We review the denial of a motion for reconsideration for abuse of discretion. *Nunes v. Ashcroft*, 375 F.3d 805, 807-08 (9th Cir. 2004). Reconsideration is proper if the district court (1) is presented with newly discovered evidence; (2) committed clear error or the determination was manifestly unjust; or (3) an intervening change in the law occurred. *Id.* We review de novo the dismissal of claims for failure to exhaust remedies under the Prison Litigation Reform Act ("PLRA"). *Wyatt v. Terhune*, 315 F.3d 1108, 1117 (9th Cir. 2003).

We hold that the district court abused its discretion in denying Hixon's motion for reconsideration and reverse that ruling. Defendants disclosed evidence related to the shooting investigation to Hixon in March 2009 after all summary judgment motions and responses had been filed with the court. Because receipt of the new evidence may impact whether defendants waived the administrative remedy exhaustion requirement, it was error to deny the motion for reconsideration. *See Nunes*, 375 F.3d at 807-08 (stating standard). Moreover, Hixon was told that the shooting investigation would be handled only by the Attorney General's Office, that he was to speak only to the Attorney General's

2

Office regarding the incident, and that the investigation was outside the prison's province. Because Hixon was told the prison would not be handling the incident and that all communications were to go only to the Attorney General's Office, it is likely that administrative remedies were effectively unavailable and exhaustion was not required under the circumstances. *See Sapp v. Kimbrell*, 623 F.3d 813, 822-23 (9th Cir. 2010); *Nunez v. Duncan*, 591 F.3d 1217, 1226 (9th Cir. 2010). Similarly, it is likely that there was not a failure to exhaust under Nevada Revised Statute § 41.0322 since filing a grievance with the prison appeared futile. *See Malecon Tobacco, LLC v. State ex rel. Dep't of Taxation*, 59 P.3d 474, 476 (Nev. 2002).

Therefore, we reverse and remand to the district court for reconsideration of the cross-motions for summary judgment in light of Hixon's new evidence.

**REVERSED and REMANDED**.