**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

MAR 26 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DAWN REYNOLDS,

               Plaintiff - Appellant,

   v.

CITY OF EUGENE, an Oregon municipal corporation, and MARK GISSINER,

               Defendants - Appellees.

No. 13-35293

D.C. No. 6:11-cv-06087-AA

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Ann Aiken, District Judge, Presiding

Argued and submitted March 6, 2015
Portland, Oregon

Before: PAEZ and IKUTA, Circuit Judges, and SELNA, District Judge.[**]

     Plaintiff-Appellant Dawn Reynolds appeals the district court's grant of

summary judgment in favor of Defendant-Appellees the City of Eugene and Mark

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

     [**]     The Honorable James V. Selna, District Judge for the U.S. District Court for the Central District of California, sitting by designation.

Gissiner. She also appeals the district court's denial of her motion to file a second amended complaint. We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part and reverse and remand.

1.      We reverse the district court's grant of summary judgment on Reynolds' First Amendment retaliation claim. When public employees speak pursuant to their official duties, "the employees are not speaking as citizens for First Amendment purposes, and the Constitution does not insulate their communications from employer discipline." *Garcetti v. Ceballos*, 547 U.S. 410, 421 (2006). To determine the scope of a public employee's duties, the court must conduct a practical, fact-specific inquiry. *Dahlia v. Rodriguez*, 735 F.3d 1060, 1070–71 (9th Cir. 2013). Here, genuine and material disputes remain as to the scope and content of Reynolds' job responsibilities as Deputy Police Auditor under Gissiner and whether the proffered reasons for terminating her were pretextual. Specifically, there is a genuine and material dispute as to whether the communications with entities outside the Police Auditor's Office with regard to alleged misconduct within the Office were within the scope of her duties. Accordingly, the action is remanded to the district court for further proceedings consistent with this decision.

2.      The district court did not err in granting summary judgment on Reynolds' intentional interference with economic relations claim. In order to prevail on an

2

intentional interference with economic relations claim, Reynolds must show that Gissiner, her direct supervisor, acted as a third party to her economic relationship with her employer. *See Kaelon v. USF Reddaway, Inc.*, 180 Or. App. 89, 96 (2002). Whether Gissiner, as Reynolds' supervisor, is a third party to Reynolds' contract with the same employer depends in part on whether Gissiner acted to further the best interests of the employer or whether he acted solely for his own benefit. *See Sims v. Software Solutions Unlimited, Inc.*, 148 Or. App. 358, 364–65 (1997); *Kaelon*, 180 Or. App. at 96. Reynolds failed to produce evidence sufficient to support a finding that Gissiner terminated her solely for his own benefit. *See Sims*, 148 Or. App. at 364–65; *cf. Kaelon*, 180 Or. App. 89 at 100.

3.     The district court did not abuse its discretion in denying Reynolds' motion for leave to amend her complaint a second time. In deciding whether to grant leave to amend, a district court considers bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has already amended the complaint. *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004). A district court's discretion in deciding motions for leave to amend is "particularly broad" when the court has already granted leave to amend. *Chodos v. West Publ'g Co., Inc.*, 292 F.3d 992, 1003 (9th Cir. 2002) (quoting *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 879 (9th Cir. 1999) (internal quotations omitted)). Here, the

3

district court denied leave to amend after specifically noting that Reynolds waited over a year to seek leave, that she sought to amend her complaint for a second time, and that she had an adequate statutory remedy that precluded her proposed wrongful discharge claim. The district court's denial of leave to amend was well within its discretion and is affirmed.

Each party shall bear its own costs on appeal.

**AFFIRMED IN PART, REVERSED IN PART AND REMANDED.**

4