**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

MAY 12 2023


MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHESTER NOEL ABING; DENNIS DUANE DESHAW; SUSAN KAY BROER-DESHAW, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> JAMES F. EVERS; JOHN N. TOKUNAGA; STEPHEN H. LEVINS; LISA P. TONG; MELINDA D. SANCHES; CATHERINE AWAKUNI COLON; JO ANN UCHIDA TAKEUCHI; MICHAEL J.S. MORIYAMA; BRUCE B. KIM; BRADLEY R. TAMM; RYAN SUMMERS LITTLE; REBECCA SALWIN; YVONNE R. SHINMURA; CHARLENE M. NORRIS; ROY F. HUGHES; GAYLE J. LAU; JEFFREY P. MILLER; PHILIP H. LOWENTHAL; CLIFFORD L. NAKEA; BERT I. AYABE; JEANNETTE H. CASTAGNETTI, <br><br> Defendants-Appellees. | No. 22-15097 <br><br> D.C. No. 1:21-cv-00095-JAO-WRP <br><br> MEMORANDUM* |

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appeal from the United States District Court
for the District of Hawaii
Jill Otake, District Judge, Presiding

Submitted May 10, 2023[**]
San Francisco, California

Before: FERNANDEZ, SILVERMAN, and N.R. SMITH, Circuit Judges.

Plaintiffs Chester Abing, Dennis DeShaw, and Susan Broer-DeShaw appeal pro se from the district court's dismissal for failure to state a claim in their action alleging various federal civil rights and state law claims. We review the dismissal de novo,[1] and we review the denial of leave to amend and decision to decline supplemental jurisdiction for abuse of discretion.[2] We affirm.

The district court properly dismissed Plaintiffs' claims.[3] Hawaii's two-year statute of limitations bars some of Plaintiffs' state law claims,[4] 42 U.S.C. § 1983

---

[1] *Burgert v. Lokelani Bernice Pauahi Bishop Tr.*, 200 F.3d 661, 663 (9th Cir. 2000).

[2] *United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058 (9th Cir. 2011) (leave to amend); *Dyack v. Northern Mariana Islands*, 317 F.3d 1030, 1037 (9th Cir. 2003) (supplemental jurisdiction); *see also United States v. Hinkson*, 585 F.3d 1247, 1261–63 (9th Cir. 2009) (en banc).

[3] We may affirm dismissal on any ground supported by the record. *Gingery v. City of Glendale*, 831 F.3d 1222, 1226 (9th Cir. 2016).

[4] Haw. Rev. Stat. §§ 662-4, 657-7.

claims,[5] and 42 U.S.C. § 1985 claim.[6]  Plaintiffs' 42 U.S.C. § 1986 claim was

barred by a one-year statute of limitations.  42 U.S.C. § 1986; *RK Ventures, Inc. v.

City of Seattle*, 307 F.3d 1045, 1058 (9th Cir. 2002).  The continuing violations

doctrine does not apply because Plaintiffs failed to make any viable allegations of

acts to further the alleged scheme occurring during the two-year period preceding

filing of the complaint.  *See Ellis v. Salt River Project Agric. Improvement &

Power Dist.*, 24 F.4th 1262, 1273 (9th Cir. 2022); *Williams v. Owens–Illinois, Inc.*,

665 F.2d 918, 924 (9th Cir. 1982).

The district court did not abuse its discretion in denying Plaintiffs leave to

amend their claims.  Their claims are barred by the respective statutes of

limitations, and no amendment could cure these deficiencies.  *See Kroessler v. CVS

Health Corp.*, 977 F.3d 803, 815 (9th Cir. 2020); *Nunes v. Ashcroft*, 375 F.3d 805,

808–10 (9th Cir. 2004).  Despite having been previously granted leave to amend,

Plaintiffs failed to remedy the deficiencies identified by the district court.  *See

Abagninin v. AMVAC Chem. Corp.*, 545 F.3d 733, 742 (9th Cir. 2008); *see also

Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013).

---

[5]  Haw. Rev. Stat. § 657-7; *Bird v. Dep't of Hum. Servs.*, 935 F.3d 738, 743
(9th Cir. 2019) (per curiam).

[6]  Haw. Rev. Stat. § 657-7; *see Taylor v. Regents of Univ. of Cal.*, 993 F.2d
710, 711–12 (9th Cir. 1993).

Because the district court properly dismissed each of Plaintiffs' federal claims, it did not abuse its discretion when it declined to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims. *See* 28 U.S.C. § 1367(c)(3); *Dyack*, 317 F.3d at 1037–38; *see also San Pedro Hotel Co., Inc. v. City of Los Angeles*, 159 F.3d 470, 478–79 (9th Cir. 1998).

We do not consider arguments raised for the first time on appeal or matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**