**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHRISTINA GROFF, | No. 24-5905 |
| Plaintiff-Appellant, | |
| v. | D.C. No. 5:23-cv-01492-SSS-SP |
| KEURIG GREEN MOUNTAIN, INC., | MEMORANDUM* |
| Defendants-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Sunshine S. Sykes, District Judge, Presiding

Submitted October 20, 2025**
Pasadena, California

Before: IKUTA, R. NELSON, and VANDYKE, Circuit Judges.

Plaintiff Christina Groff appeals the district court's dismissal of her Second

Amended Complaint. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The theory of Groff's case involves misrepresentations and deception because Keurig cannot as a matter of law condition the validity of its warranty on Groff using an authorized repair service. *See Kwikset Corp. v. Superior Ct.*, 51 Cal. 4th 310, 326 n.9 (2011); 16 C.F.R. § 700.10(c). As a result, Groff had to allege actual reliance. *Kwikset Corp.*, 51 Cal. 4th at 326. But Groff failed to allege actual reliance because she never read the warranty before purchasing the K-Mini. *See Durell v. Sharp Healthcare*, 183 Cal. App. 4th 1350, 1363 (Cal. Ct. App. 2010). Because further amendments would be futile, the district court did not abuse its discretion by dismissing the Second Amended Complaint with prejudice. *See Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004).[1]

**AFFIRMED.**

---

[1] Defendant Keurig Green Mountain, Inc.'s motion for judicial notice is denied as moot.