**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JUANARD D. ROBINSON, | No. 07-16623 |
| Petitioner - Appellant, | D.C. No. CV-03-05684-TAG |
| v. | |
| A W CRAWFORD, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Theresa A. Goldner, Magistrate Judge, Presiding

Submitted October 5, 2010[**]
San Francisco, California

Before: FERNANDEZ and SILVERMAN, Circuit Judges, and DUFFY, District
Judge.[***]

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Kevin Thomas Duffy, United States District Judge for
the Southern District of New York, sitting by designation.

Petitioner Juanard Robinson appeals the denial of his petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254. We granted a certificate of appealability on a single issue: whether the trial court violated Petitioner's Sixth and Fourteenth Amendment rights to be present when he was twice removed from the courtroom. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253. We affirm.

The right to be present applies "in proceedings where the defendant is confronting witnesses and evidence against him," *United States v. Gagnon*, 470 U.S. 522, 526 (1985) (per curiam), or to "any stage of the criminal proceeding that is critical to its outcome if [the defendant's] presence would contribute to the fairness of the procedure," *Kentucky v. Stincer*, 482 U.S. 730, 745 (1987). In this case, the California Court of Appeal determined that the trial court attempted to warn Petitioner that his disruptive behavior could result in his removal, but the judge was prevented from doing so by Petitioner's obstreperous behavior. Moreover, the California Court of Appeal ruled that Petitioner had no right to be present at the proceedings surrounding his first removal because "no substantive proceedings ensued in his absence." These rulings are not contrary to, and do not involve an unreasonable application of, the clearly established law of the U.S. Supreme Court, *see* 28 U.S.C. § 2254(d)(1), nor are they "based on an

unreasonable determination of the facts in light of the evidence presented in the State court proceeding," *id.* § 2254(d)(2).

Petitioner had a right to be present at the proceedings surrounding his second removal, during which the state presented its case in chief. However, Petitioner lost that right by "conducting himself in a manner so disorderly, disruptive, and disrespectful of the court that his trial [could not] be carried on with him in the courtroom." *Illinois v. Allen*, 397 U.S. 337, 343 (1970). The California Court of Appeal's determination that Petitioner's first removal served as the constitutionally required warning for his second removal—and therefore that no constitutional violation occurred—comports with *Allen. See id.* at 340–41, 343. Furthermore, Petitioner was allowed to return a few hours later when he promised to conduct himself properly; thereafter the trial went forward without incident.

Finally, to the extent that Petitioner asserts an uncertified claim on appeal based on the trial court's purported failure to provide him with adequate time to prepare for trial, this claim was not raised below. *See Poland v. Stewart*, 169 F.3d 573, 576 n.4 (1999). We decline to issue a certificate of appealability.

**AFFIRMED.**